Hart, J.
 

 This record presents the question as to rvhether a compromise settlement with a master for injuries caused solely by his servant while acting within the scope of the latter’s employment, is a complete bar to an action of the injured party against such servant for the same injuries, or only a
 
 pro tanto
 
 credit on the claim of such injured party against the servant which may be set off by the jury.
 

 The answer to this question depends upon the nature and character of the relationship of the parties against whom the liability is asserted. Concurrent but related tort-feasors constitute a class wherein one who commits a wrong is so related to another as to make such other also liable for the commission of such wrong. The liability of one tort-feasor for wrongs committed solely by another arises in the following situations: ■
 

 1. Where a retailer is held in damages for the sale
 
 *186
 
 of unwholesome food which was prepared and sold to him by a wholesaler without disclosure of its condition.
 
 Kniess
 
 v.
 
 Armour & Co.,
 
 134 Ohio St., 432, 17 N. E. (2d), 734, 119 A. L. R., 1348;
 
 Canton Provision Co.
 
 v.
 
 Gauder,
 
 130 Ohio St., 43, 196 N. E., 634.
 

 2. Where a municipality is held in damages for the dangerous condition of its streets or sidewalks caused solely by the negligent acts of an abutting property owner or another, resulting in injury to a person lawfully using such street, such dangerous condition having been permitted to remain after notice to the municipality.
 
 Bello
 
 v.
 
 City of Cleveland,
 
 106 Ohio St., 94, 138 N. E., 526;
 
 Village of Mineral City
 
 v.
 
 Gilbow,
 
 81 Ohio St., 263, 90 N. E., 800, 25 L. R. A. (N. S.), 627;
 
 Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330, 48 N. E., 1097;
 
 City of Zanesville
 
 v.
 
 Fannan,
 
 53 Ohio St., 605, 42 N. E., 703, 53 Am. St. Rep., 664.
 

 3. Where one employs an independent contractor to do work for him, the necessary or probable effect of the negligent performance of which will be to injure third persons.
 
 Clark
 
 v.
 
 Fry,
 
 8 Ohio St., 358, 72 Am. Dec., 590;
 
 Hughes
 
 v.
 
 Cincinnati & S. Ry. Co.,
 
 39 Ohio St., 461;
 
 Pittsburgh, C. & St. L. Ry. Co.
 
 v.
 
 Shields,
 
 47 Ohio St., 387, 24 N. E., 658, 21 Am. St. Rep., 840, 8 A. L. R., 464. See, also, 23 A. L. R., 984.
 

 4. Where one as principal or master delegates a course of action to his agent or servant, who, while acting within the scope of his authority or employment as to such course of action, commits a tortious act resulting in injury to a third person.
 
 Pickens & Plummer
 
 v.
 
 Diecker & Bro.,
 
 21 Ohio St., 212, 8 Am. Rep., 55;
 
 Passenger Rd. Co.
 
 v.
 
 Young,
 
 21 Ohio St., 518, 8 Am. Rep., 78;
 
 Elms
 
 v.
 
 Flick,
 
 100 Ohio St., 186, 126 N. E., 66;
 
 Edelstein et al., Partners,
 
 v.
 
 Cook,
 
 108 Ohio St., 346, 140 N. E., 765, 31 A. L. R., 1333;
 
 Cowley
 
 v.
 
 Bolander,
 
 120 Ohio St., 553, 166 N. E., 677;
 
 Babbitt
 
 v.
 
 Say, Admr.,
 
 120 Ohio St., 177, 165 N. E., 721.
 

 Conceding in the instant case that the defendant,
 
 *187
 
 Arthur Kruse, Jr., acted negligently, he and his employer, The Schaefer Body, Inc., fall within the last above named division of concurrent but related tortfeasors. Between them, as between tort-feasors in all the above named classes, there exists a primary and secondary liability to the injured party. In any such case the primary liability, to the extent of full compensation, rests upon the party who actually commits the wrong, while the secondary liability to the same extent, but reduced by any contribution to compensation made by the party primarily liable, rests upon the party who, by reason of his relationship to the wrongdoer, is also liable for the wrong committed. In such case there can be no joinder in a single action of the party primarily liable and the party secondarily liable because there is no joint liability. If they are joined in an action and this relationship appears on the. face of the petition it is demurrable for misjoinder of parties defendant. If it does not appear on the face of the petition but develops from the evidence on the trial, the plaintiff may, on motion, be required to elect as to which one of the two he will pursue, dismissing the other from the action, but not necessarily from the claim.
 
 Canton Provision Co.
 
 v.
 
 Gauder, supra; Bello
 
 v.
 
 City of Cleveland, supra; Morris
 
 v.
 
 Woodburn, supra; Village of Mineral City
 
 v.
 
 Gilbow, supra; French, Admr.,
 
 v.
 
 Central Construction Co.,
 
 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669;
 
 City of Rochester
 
 v.
 
 Campbell,
 
 123 N. Y., 405, 25 N. E., 937;
 
 City of Chicago
 
 v.
 
 Robbins,
 
 67 U. S. (2 Black), 418, 17 L. Ed., 298.
 

 For the wrong of a servant acting within the scope of his authority, the plaintiff has a right of action against either the master or the servant, or against both, in separate actions, as a judgment against one is no bar to an action or judgment against the other until one judgment is satisfied.
 
 Maple
 
 v.
 
 Cincinnati, H. & D. Rd. Co.,
 
 40 Ohio St., 313, 48 Am. Rep., 685. The
 
 *188
 
 plaintiff, in any event, can have but one satisfaction of his claim. But, under such circumstances, there exists the right of subrogation to the claim of the plaintiff and reimbursement upon the part of the master as against the servant, in case the former is obliged to respond in damages for the wrongful act of the latter.
 
 Clark
 
 v.
 
 Fry, supra; City of Zanesville
 
 v.
 
 Fannan, supra; Morris
 
 v.
 
 Woodburn, supra; City of Chicago
 
 v.
 
 Robbins, supra; City of Rochester
 
 v.
 
 Campbell, supra.
 

 A settlement with and release of the servant will exonerate the master. Otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master.
 
 Herron
 
 v.
 
 City of Youngstown, post
 
 190;
 
 Bello
 
 v.
 
 City of Cleveland, supra; Brown
 
 v.
 
 Town of Louisburg,
 
 126 N. C., 701, 36 S. E., 166.
 

 Here the question is, what effect will a partial settlement with the master have upon the plaintiff’s right to pursue the servant for the remainder of his claim? The servant’s liability as such is in no way affected by a settlement with the master. The master’s settlement does not establish liability against the defendant servant in favor of the plaintiff. If the servant is liable to the plaintiff, he is liable for the full amount of plaintiff’s claim. He must pay the plaintiff the full amount of the claim if the master has not paid any part of it, and if the master has paid part of it, the servant is under obligation to reimburse the master and pay the plaintiff the balance of his claim.
 

 In the instant case, The Schaefer Body, Inc., as master, had a right to make settlement of plaintiff’s claim against it, the plaintiff thereby electing to hold the servant, the defendant in this case, liable for the balance of his claim. Judge Wanamaker, speaking for this court in the case of
 
 Adams Express Co.
 
 v.
 
 Beckwith,
 
 100 Ohio St., 348, at 353, 126 N. E., 300, said:
 

 
 *189
 
 “It is an old rule of law that any party charged with a liability, however informally, or threatened with a suit at law, may buy his peace, may settle his own controversy, without waiting for a suit at law or the trial of a suit already begun, and that any such settlement made in good faith would be fully protected and operate as a release to the parties affected, according to its terms.”
 

 The language above quoted relates to a case involving settlement as between joint tort-feasors but it may well apply to a settlement with and release of a concurrent and related tort-feasor, as in this case, where there is no right of contribution or reimbursement from the tort-feasor with whom settlement has been made in favor of the other tort-feasor primarily liable. The payment made by The Schaefer Body, Inc., reduces the claim of the plaintiff against the defendant
 
 pro tanto
 
 but it cannot do more.
 

 Counsel for defendant rely strongly on the case of
 
 McNamara
 
 v.
 
 Chapman,
 
 81 N. H., 169, 123 A., 229, 31 A. L. R., 188, wherein it is held that a judgment against a solvent master for tort of the servant is a bar to a suit by the same plaintiff against the servant for the same cause of action although it has not been satisfied. Counsel claim that a settlement with the master is equivalent to a judgment against him, and if so, under the authority of the above case, a settlement with the master in the instant ease would bar a suit against the defendant.
 

 The rationale of the above-named case proceeds, as in numerous other cases outside this jurisdiction, upon the theory that an unsatisfied judgment against the master constitutes an election upon the part of the injured party and that he may not, thereafter, pursue the servant. This is not the law in Ohio.
 
 Wright
 
 v.
 
 Lathrop, 2
 
 Ohio, 33, 15 Am. Dec., 529;
 
 Maple
 
 v.
 
 Cincinnati, H. & D. Rd. Co., supra; Adams Express Co.
 
 v.
 
 Beckwith, supra.
 

 
 *190
 
 A judgment against the master which would necessarily be for the full claim, if satisfied, would be a bar to a suit of the plaintiff against the servant
 
 (Miller
 
 v.
 
 Beck,
 
 108 Iowa, 575, 79 N. W., 344), but a partial settlement with the master does not amount to an adjudication of the whole claim, as does a suit carried to judgment, and, therefore, such settlement cannot be claimed as a bar in this case. The settlement can only be a
 
 pro tanto
 
 satisfaction of the claim.
 

 The judgment of the Court of Appeals is affirmed and the cause is remanded to the Common Pleas Court for further proceedings according to law.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.