DOROTHY L. SMITH, Plaintiff, v. WALTER M. LINCOLN, Defendant.

Supreme Court, Trial Term, Queens County, November 15, 1966.

*McInerney & Mulvaney (James E. Mulvaney* of counsel), for plaintiff. *Costello, Ward, Tirabasso & Shea (Joseph M. Costello* of counsel), for defendant.

J. IRWIN SHAPIRO, J. The plaintiff while on vacation was a passenger in an automobile which the defendant had rented from a third person in the Island of Granada, British West Indies. While the defendant was driving the automobile it was involved in an accident in which the plaintiff was injured.

Subsequently the plaintiff received an offer of settlement from the owner-lessor of the car, not a party to this action. That offer was accepted by the plaintiff and in exchange therefor the plaintiff signed and delivered a paper in the form of a general release. The release does not refer to the defendant in any manner.

In view of the stipulation of the parties that the court preliminarily determine the effect of the release given by the plaintiff to the owner of the automobile, the question for determination here is whether the plaintiff's release of the owner of the automobile has *as a matter of law* effected a release of the driver of the automobile from any liability arising out of the accident.

The plaintiff in her memorandum states that she has not been able to find any cases " clearly in line with the fact situation in the instant case " but relies upon the cases of *Losito* v. *Kruse* (136 Ohio St. 183) and *Hamm* v. *Thompson* (143 Col. 298). Those cases are not in point. In the *Losito* case (p. 184) the facts show that the plaintiff entered into a written agreement with the owner of the automobile in which " he covenanted not to sue it on account of his injuries and to dismiss his action

against it'' and '' By the same agreement, Losito reserved his right to prosecute his claim for the injuries against all other persons''.

In the *Hamm* case (p. 300) the so-called release was not a release at all but '' a document entitled ' Covenant not to sue ' ''.

There is no question of course that if the plaintiff in this case had given the owner of the automobile a covenant not to sue or a restricted release, she would not be barred from maintaining this action (*Wilson* v. *City of New York,* 131 N. Y. S. 2d 47). In effect that is all that the *Losito* and *Hamm* cases decided.

While it is true that the liability of a master or principal for the tort of his servant or agent is based solely on the doctrine of *respondeat superior* (37 N. Y. Jur., Master-Servant, § 149 *et seq.* and 2 N. Y. Jur., Agency, §§ 254–258) and the master or principal and his servant or agent are not joint tort-feasors (*Frascone* v. *Louderback,* 153 App. Div. 199, 203; *Fedden* v. *Brooklyn Eastern Dist. Term.,* 204 App. Div. 741), nevertheless the rules applicable to joint tort-feasors generally have been applied and the view has been taken that a release of either party to a master-servant or principal-agent relationship operates to release the other except where a releasor has reserved his right to proceed against the other party (49 N. Y. Jur., Release and Discharge, § 42; *Wille* v. *Maier,* 256 N. Y. 465; *Kinsey* v. *Spencer & Son Corp.,* 165 Misc. 143, affd. 255 App. Div. 995, affd. 281 N. Y. 601; *Gavin* v. *Malherbe,* 146 Misc. 51, affd. 248 App. Div. 779, affd. 264 N. Y. 403).

In *Gavin* v. *Malherbe* (*supra*) the court specifically held that despite the fact that in a master-servant or principal-agent relationship the parties are not joint tort-feasors a release to one discharges the other unless a reservation of rights is contained in the release.

Under the circumstances, and the plaintiff having stipulated on the record that the paper document delivered by the plaintiff to the owner of the automobile is a general release, judgment is directed in favor of the defendant dismissing the complaint.