I concur in the judgment of my colleagues as to everything but their assertion that the cross assignment of appellee need not be addressed because of mootness. The trial court was in error. That error resulted in costly and unnecessary expenses of litigation. By addressing the cross assignment, this court might spare other litigants in other lawsuits that same result.
In its cross assignment of error, appellee, St. Elizabeth Hospital Medical Center, avers:
 "The trial court erred by not granting defendant-appellee St. Elizabeth Hospital Medical Center's motion for a directed verdict as to the claim made against it with respect to its liability for the alleged negligence of Dr. Shaukat Hayat, M.D., who settled with plaintiffs-appellants and was released from any liability prior to trial, because once the party primarily responsible is released, there can be no liability as against the party secondarily responsible."
In essence, appellee argues that the action against it for liability for the negligence of Dr. Hayat should have been dismissed once Dr. Hayat settled with appellants and was released from liability. Appellee contends that this claim was based on the doctrine of respondeat superior and that appellants asserted no direct liability on its part.
The Ohio Supreme Court in Losito v. Kruse (1940), 136 Ohio St. 183, summarized the doctrine of respondeat superior as it relates to primary and secondary liability. The Ohio Supreme Court stated:
 "When, under the doctrine of respondeat superior, a master becomes liable in damages for personal injuries caused solely by the negligent act of his servant the latter is primarily liable and the former secondarily liable to the injured party; and if the master is obliged to respond in damages by reason of such liability, he will be subrogated to the right of the injured party and may recover his loss from the servant, the one primarily liable." Losito, supra at 183.
The Ohio Supreme Court further noted:
 "A settlement with and release of the servant will exonerate the master. Otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master." Losito, supra
at 188.
This rule protects the employer's indemnification rights against its employee. Wells v. Spirit Fabricating, Ltd. (1996),113 Ohio App.3d 282, 291. Furthermore, if the plaintiff settles the claim against the servant, it necessarily follows that the claim against the master with respect to the servant must be dismissed. Upon settlement, the master would be unable to pursue its claim against the servant, and thus, would have to bear the entire burden of the servant's torts. Wells, supra at 292 (quoting Munson v. United States (1967), 380 F.2d 976). To allow the claim against the master to remain when the plaintiff has settled its claim with the servant "would encourage fraudulent settlements whereby the primary tortfeasor/employee would have great incentive to settle with the plaintiff for a nominal amount, execute a release for his sole benefit and insulate himself from any obligation to indemnify the secondary tortfeasor/employer." Wells, supra at 293.
In Radcliffe v. Mercy Hospital Anderson (May 14, 1997), Hamilton App. Nos. C-960424, C-960425, unreported, plaintiff brought a wrongful death claim against two doctors and a hospital on the basis of negligence and vicarious liability, respectively. Subsequently, plaintiff settled her claim with the doctors, and the hospital claimed that by virtue of those settlements, the plaintiff's claim against it for vicarious liability was extinguished. The court held:
 "In the case sub judice, the liability of both agents, Dr. Mensah and Dr. Arnold, has been extinguished, and therefore no vicarious liability can be imputed to the principal, Mercy Hospital. Radcliffe entered into a settlement agreement with Dr. Mensah in full and complete satisfaction of any and all claims concerning the medical care and treatment that Dr. Mensah afforded to Amber Radcliffe. This settlement and release effectively extinguished Dr. Mensah's liability, and therefore, effectively extinguished Mercy's vicarious liability for its agent, Dr. Mensah. * * *
 Similarly, the liability of Dr. Arnold was extinguished in the wake of the trial court's decision to grant summary judgment in his favor on the issue of his alleged negligence. * * * As noted above, there can be no vicarious liability imputed to a principal, if there is no liability on the part of the agent. It has already been determined that Dr. Arnold is not liable for any harm suffered by Amber Radcliffe, and the doctor has since entered into a settlement agreement with Radcliffe; therefore, Mercy Hospital cannot be held vicariously liable."
Civ.R. 50(A) states the law concerning directed verdicts. Particularly, section (A)(4) states:
 "(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to the issue."
The trial court erred in not granting appellee's motion for a directed verdict concerning its vicarious liability with respect to Dr. Shaukat Hayat. If appellee were held liable for the acts of Dr. Hayat, it would be subrogated to the rights of appellants against Dr. Hayat. However, because appellants have settled with Dr. Hayat, appellee's right to be indemnified from Dr. Hayat would have been extinguished pursuant to that settlement. Thus, appellee would have to bear the entire burden of Dr. Hayat's tort.
Accordingly, Dr. Hayat's settlement with appellants extinguished his liability to appellants, and effectively extinguished appellee's vicarious liability to appellants with respect to Dr. Hayat. To hold, otherwise would thwart a firmly grounded law of indemnity between a master and a servant. This court should follow the sound holding in Radcliffe, supra,
wherein the appellate court found that when the plaintiff settled her wrongful death claim against the doctors, the claim against the hospital for vicarious liability was also extinguished.
I would, accordingly, reverse the trial court only as to the cross assignment and affirm the trial court in all other aspects for the reasons set forth by my colleagues in the majority.
 _______________________________ JOSEPH J. VUKOVICH, JUDGE