[Cite as *Taylor v. Belmont Community Hosp.*, 2010-Ohio-3986.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LEE TAYLOR, | ) | |
| | ) | CASE NO.  09 BE 30 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| BELMONT COMMUNITY HOSPITAL, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court, Case No. 08CV98.

JUDGMENT:      Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant:      Attorney Frank Cuomo
Attorney Jason Cuomo
1511 Commerce Street
Wellsburg, West Virginia  26070

For Defendant-Appellee:      Attorney Gregory Rankin
Attorney Ray Pantle
Two Miranova Place, Suite 500
Columbus, Ohio  43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  August 16, 2010

VUKOVICH, P.J.

¶{1}    Plaintiff-appellant Lee Taylor appeals the decision of the Belmont County Common Pleas Court, which granted summary judgment to defendant-appellee Belmont Community Hospital.  The issue on appeal is whether the medical negligence action filed against the employer hospital for respondeat superior liability could proceed even though no suit had been filed against the employee physician or the two employee nurses and where the statute of limitations had expired against these allegedly primarily liable parties.

¶{2}    The only issue presented to the court below was whether the Supreme Court's recent *Wuerth* decision dealing with law firm liability applied here and whether it precluded suit against the hospital where its employees were not named as defendants.  The trial court found that *Wuerth* applied, agreeing with the hospital's position.  However, we refuse to extend the narrow holding of *Wuerth* to situations other than those existing in that case.  As such, the trial court's grant of summary judgment is reversed, and this case is remanded for further proceedings.

STATEMENT OF THE CASE

¶{3}    On January 21, 2001, Linda Taylor arrived at the Belmont Community Hospital after injuring her knee.  She was x-rayed and allegedly released prematurely by a physician.  In transferring her from a wheelchair, two nurses then dropped Mrs. Taylor.[1]  Other providers then performed two surgeries on her.  As a result, she required long-time nursing care.

¶{4}    On December 26, 2001, Mrs. Taylor provided a one-hundred-eighty-day letter to the hospital announcing intent to sue in order to extend the statute of limitations.  On June 20, 2002, Mrs. Taylor, her husband, and the Ohio Department of Job and Family Services (who had paid $108,000 toward her care) filed a complaint against only the hospital due to the alleged negligence of an employee physician and two employee nurses in diagnosing, treating, and caring for her.

---

[1]The parties did not dispute that the case involved the one-year statute of limitations for medical claims.  See R.C. 2305.113(A); R.C. 2305.11(B)(1).  A medical claim includes not merely claims against hospitals or physicians but also include a claim against any employee or agent of the hospital or against any licensed practical nurse or registered nurse that arises out of the medical diagnosis, care, or treatment of any person.  R.C. 2305.113(E)(3); R.C. 2305.11(D)(3) (former version).

**¶{5}** Mrs. Taylor died in April of 2004. Thus, Mr. Taylor became a party not only individually but also as the administrator of his wife's estate. On February 21, 2007, the complaint was voluntarily dismissed without prejudice. It was then refiled against the hospital under the savings statute on February 14, 2008.

**¶{6}** The hospital filed for summary judgment alleging that a hospital cannot commit medical malpractice, that a hospital is not vicariously liable unless its agents are primarily liable, and that the agents are not liable here because they were never sued and because the statute of limitations has run against them. The hospital relied upon a recent Supreme Court case which held that a law firm does not engage in the practice of law and therefore cannot commit legal malpractice directly and that a law firm is not vicariously liable for legal malpractice unless one of its principals or associates is liable for legal malpractice. See *National Union Fire Ins. Co. of Pittsburgh, P.A. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601 (where a negligent partner had been dismissed from the suit against the law firm because the statute of limitations had expired prior to the suit's filing and where the other negligent partners and employee associates had never been sued).

**¶{7}** Plaintiffs responded that *Wuerth* did not create new law and that well-established respondeat superior law allowed suit to be filed against the employee, the employer, or both. The plaintiff also stated that the statute of limitations had not run against the employees here at the time the suit had been filed against the hospital.

**¶{8}** In an October 23, 2009 opinion and a November 17, 2009 judgment entry, the trial court granted summary judgment in favor of the hospital. Timely notice of appeal followed.

BACKGROUND LAW

**¶{9}** Pursuant to the doctrine of respondeat superior liability, an employer or principal is vicariously or secondarily liable for the negligence of its employee or agent, whose liability is primary. *Clark v. Southview Hosp. & Fam. Health Ctr.* (1994), 68 Ohio St.3d 435, 438. "For the wrong of a servant acting within the scope of his authority, the plaintiff has a right of action against either the master or the servant, or against both * * *." *Losito v. Kruse* (1940), 136 Ohio St. 183, 187. Still, a principal is

vicariously liable only when an agent could be held directly liable, and thus, settlement with and release of the servant will exonerate the master. Id. at 188.

¶{10} In general, a principal is not vicariously liable for the negligence of an independent contractor. Id. However, the Supreme Court has created a fictional agency relationship, called agency by estoppel, to impose a type of vicarious liability on hospitals for the conduct of independent contractor physicians under certain circumstances. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4459, ¶18-19. See, also, *Clark*, 68 Ohio St. 3d at 444-445 (if hospital holds itself out as provider of medical services and, in the absence of notice or knowledge to the contrary, patient looks to hospital as opposed to individual practitioner to provide medical care). This agency by estoppel is said to be a derivative claim of vicarious liability. Id. at ¶28.

¶{11} The "narrow" issue in *Comer* was whether a viable claim existed against a hospital under an agency by estoppel theory when the statute of limitations expired against the negligent independent contractor physicians. Id. at ¶1. Specifically, two physicians were alleged to have negligently read x-rays at the hospital. Plaintiff sued only the hospital, which was granted summary judgment. The Supreme Court upheld the grant of summary judgment, concluding that "there can be no viable claim for agency by estoppel if the statute of limitations against the independent-contractor physician has expired." Id. at ¶28.

¶{12} Two years after *Comer*, the Supreme Court reviewed a case where the plaintiff sued a hospital alleging negligence against various agents of the hospital. *Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 2007-Ohio-5587, ¶3. The hospital cited *Comer's* agency by estoppel law and claimed that the trial court should have precluded evidence of negligence on the part of the anesthesiologist because the plaintiff failed to join him as a party. The *Harris* Court disagreed, stating that failure to join a party is not the same as having an agent's liability extinguished *by operation of law* as was the case in *Comer*. Id. at ¶44.

¶{13} In addition, the Court found that the doctrine of agency by estoppel could also apply to the nurses. Id. at ¶45. This statement suggests that the nurses were independent contractors rather than employees because, as aforementioned, agency by estoppel refers to a fictional agency relationship for the principal and its

independent contractors and is unnecessary for use in cases concerning employees for whom there exists actual agency. See *Comer*, 106 Ohio St.3d 185 at ¶19.

¶{14} Most recently, the Supreme Court was presented with the following certified question of state law from the Sixth Circuit Court of Appeals:

¶{15} "Under Ohio law, can a legal malpractice claim be maintained directly against a law firm when all of the relevant principals and employees have either been dismissed from the lawsuit or were never sued in the first place?" *National Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, ¶1.

¶{16} In *Wuerth*, a client was represented by a partner and an associate until the partner fell ill at which time others in the law firm assisted. The client thereafter filed a legal malpractice suit in federal district court against the originally retained partner. The client also sued the law firm, alleging that it was directly liable for malpractice and that it was vicariously liable for the negligence of the defendant partner and for the wrongful acts of several individuals in the firm who were not named as defendants. Id. at ¶7. The district court dismissed the defendant partner from the action because the statute of limitations had expired before the suit was filed, dismissed the vicarious liability claim against the firm because the client had no cognizable claim against the defendant partner, determined that the firm could not be held directly liable for legal malpractice because it does not actually practice law, and found that there was no vicarious liability for the unnamed employees of the firm because they were never sued. Id. at ¶8.

¶{17} In reviewing the case, the Supreme Court began by pointing out that there are similarities between medical malpractice and legal malpractice and by finding the precedent concerning medical malpractice to be instructive. Id. at ¶13. The Court noted that it has held that because only individuals (not hospitals) practice medicine, only individuals (not hospitals) can commit malpractice. Id. at ¶14. The Court continued that only individuals (not law firms) may practice law and thus a law firm cannot directly commit malpractice. Id. at ¶16, 18.

¶{18} This left the question of "whether a law firm may be vicariously liable for legal malpractice when no individual attorneys are liable or have been named." Id. at ¶19. The Court stated: "Although a party injured by an agent may sue the principal,

the agent, or both, a principal is vicariously liable only when an agent could be held directly liable."  Id. at ¶22, citing *Comer*, 106 Ohio St.3d 185 at ¶20 and *Losito*, 136 Ohio St. at 188.  The Court then answered the certified question in the negative, holding that:  "a law firm does not engage in the practice of law and therefore cannot commit legal malpractice directly and that a law firm is not vicariously liable for legal malpractice unless one of its principals or associates is liable for legal malpractice." Id. at ¶2.

¶{19}  One of the justices signing the majority also wrote a concurrence, which garnered a majority as well.  The concurrence twice emphasized the narrowness of the holding.  Id. at ¶27, 35 (Moyer, C.J., concurring).

ASSIGNMENT OF ERROR

¶{20}  Appellant's sole assignment of error provides:

¶{21} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE HOSPITAL BECAUSE APPELLANT'S LAWSUIT WAS TIMELY FILED AGAINST SAID HOSPITAL AND APPELLANT'S CHOICE TO SUE THE EMPLOYER, RATHER THAN ANY SPECIFIC EMPLOYEE, NURSE, AND/OR DOCTOR, WAS IN ACCORDANCE WITH WELL-SETTLED AND LONG-STANDING OHIO LAW."

¶{22}  Appellant states that it is well-established that a plaintiff alleging respondeat superior liability can sue either the employer, the employee, or both and that there is no requirement that the employee be named a party.  See *Losito v. Kruse* (1940), 136 Ohio St. 183, 187.  Appellant argues that *Comer* merely made a slim exception for certain cases and did not overrule the principle that the employee need not be named in order to recover from the principal.  Appellant relies on *Harris* as a post-*Comer* endorsement of the continuing viability of suits against only hospitals for the respondeat superior liability for their nurses.

¶{23}  Appellant also urges that *Wuerth* was a narrow holding that does not apply to all master-servant cases.  Appellant also attempts to distinguish *Wuerth* by noting that the statute of limitations against the main partner ran prior to the time suit was filed against the law firm.  Appellant then states that the statute of limitations against the physician and the nurses here had not expired at the time suit was filed

against the hospital. Appellant alternatively states that if *Wuerth* extends to this situation, then the holding should not be applied retroactively.

¶{24} The hospital urges that *Wuerth* should apply here because it utilized medical malpractice precedent in part. The hospital states that *Wuerth* is not distinguishable merely because the statute of limitations had run against the defendant partner in that case prior to the filing of the lawsuit against the law firm and proposing that the statute of limitations did not appear to have run against the law firm's other employees until after the suit was filed against the firm. The hospital contends that *Wuerth* also stands for the proposition that the failure to name an agent in a lawsuit against a principal bars the action, and below they suggested that *Wuerth* overruled *Losito*. The hospital concludes that *Wuerth* has retroactive application because no party had contractual or vested rights under a prior decision and because the Supreme Court did not state that it would only apply prospectively. See *DiCenzo v. A-Best Prod. Cos., Inc.* 120 Ohio St.3d 149, 2008-Ohio-5327, ¶25, 28.

ANALYSIS

¶{25} First, *Comer* dealt with an independent contractor physician in a hospital setting and defined agency by estoppel as a subspecialty class of vicarious liability. *Comer*, 106 Ohio St.3d 185 at ¶28. As aforementioned, *Harris* also dealt with agency by estoppel and thus concerned only independent contractors. *Harris*, 116 Ohio St.3d 139 at ¶45. The allegedly negligent actors here were all employees, rather than independent contractors. Thus, traditional respondeat superior law applies.

¶{26} Allowing suits against the principal without asserting a claim against the employee was typical to the cases pre-dating *Comer*. See, e.g., *Holman v. Grandview Hosp. Med. Ctr.* (1987), 37 Ohio App.3d 153 (suit can proceed against hospital where negligent employee nurse was not sued); *Billings v. Falkenburg* (Sept. 5, 1986), 6th Dist. No. L-86-017 (no requirement that the employee be named as a party to the suit in order to prove his negligent acts). After *Comer*, courts have refused to extend the principles therein to employees as *Comer* applies only to independent contractor situations.

¶{27} This was the position taken by the Eighth District when it was faced with an argument that the hospital should be dismissed because the statute of limitations

had run against the nurse. *Van Doros v. Marymount Hosp., Inc.*, 8th Dist. 88106, 2007-Ohio-1140. That court held that *Comer* applied only to an independent contractor physician and did not apply to an employee nurse. Id. at ¶20, 22. See, also, *Holland v. Bob Evans Farms, Inc.*, 3d Dist. No. 17-07-12, 2008-Ohio-1487, ¶5; *Orebaugh v. Wal-Mart Stores, Inc.*, 12th Dist. No. CA2006-08-185, 2007-Ohio-4969, ¶17-19 (holding that *Comer* specifically dealt with an independent contractor physician and agency by estoppel and does not apply to regular respondeat superior cases).

**¶{28}** The Supreme Court specifically warned that *Comer* was a "narrow" holding. *Comer*, 106 Ohio St.3d 185 at ¶1. As *Comer* dealt only with agency by estoppel (a specialized derivative claim of typical vicarious liability) in the hospital setting, extension of the principles therein to different types of cases is not favored. See id. at ¶28. Additionally, *Comer* did not specify exactly when the statute of limitations had run against the independent contractor physician. However, the *Harris* holding suggests that *Comer* only applies when the statute of limitations extinguished the independent contractor's liability prior to the filing of the suit against the hospital. See *Harris*, 116 Ohio St.3d 139 at ¶44 (stating that Comer deals with cases where the liability was extinguished "*by operation of law*" [emphasis original]). Since the short statute of limitations on medical claims would have expired in *Harris* by the time the hospital's arguments were set forth in the trial court, the Court must have been distinguishing between cases where the statute runs against the independent contractor prior to filing and cases where it was not expired at that time.

**¶{29}** Regardless, the hospital here conceded to the trial court that the law prior to *Wuerth* was not in their favor and that it was only the application of *Wuerth* that the trial court was being asked to decide. See Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment at 6. Thus, we need only focus on whether *Wuerth* should be extended to the case before us and/or whether it would preclude suit against the hospital where the employees were not sued and where the statute of limitations ran against them after suit had been filed against the hospital.

**¶{30}** We begin by noting that *Wuerth* did not overrule *Losito* as the hospital suggested below.  Rather, *Wuerth* acknowledged the basic premise that the plaintiff can choose to sue the master, the servant, or both.  Id. at ¶21.

**¶{31}** We next note that the hospital provided this court with a "supplemental brief" at oral argument which had not been time-stamped.  Therein, the hospital attempted to raise a new argument.  The hospital also noted that a Summit County trial court has opined that *Wuerth* only applies where the statute of limitations ran prior to the filing of the action against the principal.  *York v. Kokosing Constr. Co., Inc.* (Oct. 8, 2009 J.E.), Summit County Court of Common Pleas No. CV-2007-10-7079.  See, also, *Tausch v. Riverview Hosp. Inst.*, 2d Dist. No. 22921, 2010-Ohio-502 (holding, in an independent contractor case, that the *Comer* rule only applies if the statute of limitations against the physician expired prior to filing of the action against the hospital).

**¶{32}** For the first time, the hospital argues that the statute of limitations ran against the employee physician and the employee nurses prior to the time suit was filed against the hospital because only the hospital had been provided with a one-hundred-eighty-day letter.  However, appellant argued below and to this court that *Wuerth* was distinguishable because the statute of limitations against the employee physician and nurses here did not run until after the suit had been timely filed against the hospital.  In its responses here and below, the hospital did not make the argument that the statute of limitations regarding the primarily liable employees had already expired at the time of the lawsuit against the hospital.  The hospital essentially admitted that the statute of limitations only ran against the employees after the suit had been timely filed against the hospital.

**¶{33}** Thus, this argument is waived.  Specifically, the hospital is prohibited from making a new argument such as this to the appellate court that was not made to the trial court.  See, e.g., *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, ¶18 (parties are not entitled to make new summary judgment arguments to appellate court).  Furthermore, the hospital cannot submit off-the-record evidentiary material to this court that was never presented to or otherwise viewed by the trial court.  *State v. Ishmail* (1978), 54 Ohio St. 2d 402, 405-406.  Thus, even assuming this new argument

was factually and legally true and even assuming *Wuerth* should be applied pursuant to the trial court's belief in *York,* the hospital has not preserved this argument.

¶{34} In any event, *Wuerth* is inapplicable here. As to the partner in *Wuerth,* his relationship with the firm was not that of employer-employee. Rather, each partner in a law firm is a part owner. Thus, this portion of *Wuerth* is wholly distinguishable from the traditional employer-employee relationship existing in the case before us.

¶{35} As to the other portions of *Wuerth* that seemingly apply to the acts of associates, Chief Justice Moyer twice stressed in his concurrence, that *Wuerth* was a narrow holding. *Wuerth*, 122 Ohio St.3d 594 at ¶27, 35. Most notably, a majority of the justices signed this concurrence. Thus, it was actually part of the majority decision. Consequently, we refuse to extend a Supreme Court case regarding law firm liability for the acts of partners and associates to the arena of hospital liability for the acts of its employees.

¶{36} For the foregoing reasons, the trial court's grant of summary judgment to the hospital is hereby reversed, and this case is remanded for further proceedings according to law and consistent with this Court's opinion.

Waite, J., concurs in judgment only.
DeGenaro, J., concurs in judgment only; see concurring in judgment only opinion.

DeGENARO, J., concurring in judgment only

¶{37} Appellants' complaint against the hospital is based upon allegedly tortious conduct of employees of the hospital. Given that relationship, the doctrine of respondeat superior is the controlling theory of recovery against the hospital. Contrary to the assertions of the parties, neither *Comer* and its progeny nor *Wuerth* apply to the resolution of this appeal.

¶{38} In any given case, the determination of which of the alleged tortfeasors to pursue, how to frame the complaint, and which statue of limitations controls is fact based, and the crucial fact is the relationship of the alleged tortfeasors.

¶{39} In this case, there is no genuine issue of material fact that the doctor and nurses were employees of the hospital. As the Ohio Supreme Court explained in *Clark v. Southview Hosp. & Family Health Ctr.* (1994), 68 Ohio St.3d 435, 438, 628 N.E.2d 46, "Generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior." Id. Therefore, Appellants properly filed their complaint against the hospital alone. "For the wrong of a servant acting within the scope of his authority, the plaintiff has a right of action against either the master or the servant, or against both, in separate actions, as a judgment against one is no bar to an action or judgment against the other until one judgment is satisfied." *Losito v. Kruse* (1940), 136 Ohio St. 183, 187, 16 O.O. 185, 24 N.E.2d 705

¶{40} Conversely, *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4459, 833 N.E.2d 712, does not apply to this case because the alleged tortfeasor's relationship to the hospital was that of an independent contractor. Nor does *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth,* 2009 -Ohio- 3601122 Ohio St.3d 594, 913 N.E.2d 939, apply because it addresses cases involving claims of legal malpractice directly against a law firm. Although distinguishing *Wuerth* from this case is that straightforward, the hospital's argument that it controls the resolution of this case runs the risk of muddying case law dealing with tort liability.

¶{41} The procedural posture of *Wuerth* before the Ohio Supreme Court is as follows, pointing to the limited nature of the issue being resolved:

¶{42} "On February 21, 2003, National Union filed the instant action in the United States District Court for the Southern District of Ohio, claiming that Wuerth had committed legal malpractice, that Lane Alton was vicariously liable for Wuerth's malpractice, and that the firm itself had committed malpractice. While National Union alleged numerous wrongful acts and omissions by several individuals in the firm, Wuerth was the only individual named as a defendant in the complaint.

¶{43} "On a motion for summary judgment filed by Wuerth and Lane Alton, the district court dismissed Wuerth from the action because National Union had filed its complaint after the expiration of the one-year statute of limitations for legal-malpractice claims set forth in R.C. 2305.11(A). *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth* (S.D.Ohio 2007), 540 F.Supp.2d 900, 911. Because National Union had

no cognizable claims against Wuerth, the district court further dismissed the claims for vicarious liability against Lane Alton. Id. at 912. Finally, the district court determined that Lane Alton cannot be held directly liable for legal malpractice because it is not an attorney and does not practice law. Id. at 913. Thus, the district court entered summary judgment in favor of Wuerth and Lane Alton." Id. ¶7-8.[2]

**¶{44}** The case was appealed and the Sixth Circuit certified a question of law to the Ohio Supreme Court, which the court framed as two limited issues for review: "[O]ne, whether a law firm may be directly liable for legal malpractice-i.e., whether a law firm, as an entity, can commit legal malpractice-and two, whether a law firm may be held vicariously liable for malpractice when none of its principals or employees are liable for malpractice or have been named as defendants." Id. ¶12. The Court in *Wuerth* answered these two limited questions straightforwardly: "* * * a law firm does not engage in the practice of law and therefore cannot directly commit legal malpractice* * *[and] a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice." Id. ¶¶18 and 26.

**¶{45}** The hospital argues the holding in *Wuerth* is more expansive, but the concurring opinion in that case in which a different majority of the panel joined, refutes that position: "[O]ur holding today does not foreclose the possibility that a law firm may be directly liable on a cause of action other than malpractice. Yet the limited record and the nature of answering a certified question do not permit us to entertain such an inquiry in this case." Id. ¶35. The holding in *Wuerth* is addressing the narrow issue of liability where the setting of the relationship between the alleged tortfeasors is a law firm.

**¶{46}** Finally, *Wuerth* does not even tangentially touch on the issue of the statute of limitations. Thus it cannot serve as a basis for the hospital's argument regarding the statute of limitations, which the majority has correctly concluded that the hospital has waived.

---

[2] The District Court in *Natl. Union Fire* held that the statute of limitations had run against the named partner, and that none of the other attorneys from Lane Alton had been named in the suit and the statute of limitations had run as to them.

**¶{47}** In conclusion, because the hospital is the employer of the alleged tortfeasors, appellants can directly pursue the hospital for their damages under the theory of respondeat superior, without joining the employees as party defendants. For these reasons, I concur in judgment only.