**MILLER, Appellant,**

v.

**LORAL DEFENSE SYSTEMS, AKRON, Appellee.**

[Cite as *Miller v. Loral Defense Systems, Akron* (1996), 109 Ohio App.3d 379.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17309.

Decided Feb. 14, 1996.

*William R. Holland* and *Nancy Holland Myers,* for appellant.

*Edward C. Kaminski,* for appellee.

DICKINSON, Judge.

Plaintiff Ronald Miller has appealed from an order of the Summit County Court of Common Pleas that granted defendant Loral Defense Systems, Akron, summary judgment. He has argued that (1) the trial court incorrectly granted defendant summary judgment because there were genuine issues of material fact regarding whether defendant intentionally discriminated against him because of his age; and (2) parts of Noreen Foley's and Cedric Anderson's affidavits, which were attached to defendant's motion for summary judgment, were not based on personal knowledge and, therefore, should not have been considered by the trial court.[1] This court affirms the judgment of the trial court because (1) plaintiff did not establish a prima facie case of age discrimination by satisfying the four-part *Barker* test or by introducing direct evidence of age discrimination; and (2) inasmuch as plaintiff did not establish a prima facie case of age discrimination, any error arising from the trial court's consideration of those parts of Noreen

---

1. Plaintiff's assignments of error have been rearranged for ease of discussion.

Foley's and Cedric Anderson's affidavits that addressed whether defendant had a legitimate, nondiscriminatory reason for plaintiff's layoff was harmless.[2]

## I

Plaintiff filed this action against defendant, his former employer, on May 26, 1994. By his complaint, he averred that defendant discharged him because of his age in violation of Ohio law.

Plaintiff and thirteen other employees of defendant's inside transportation department were laid off on November 30, 1993, as part of a general plan to phase out the department and consolidate its functions with those of production planning. Plaintiff was forty-six years old and the director of inside transportation on the date of his layoff. His job was to supervise the movement of parts and materials inside and among defendant's plants. He had held this position since October 1983, and had been employed by defendant or its predecessor since August 17, 1965. Plaintiff's duties were assumed by Timothy Thomas, who at that time was forty-three years old and the supervisor of outside vendor coordination.

On January 17, 1995, defendant moved the trial court for summary judgment. It supported its motion with affidavits of Timothy Thomas, Noreen Foley (its staff personnel representative), Cedric Anderson (its director of material), and Steve Duval (plaintiff's immediate supervisor from August 1988 to February 1993). It also filed the transcript of plaintiff's deposition. Plaintiff responded to defendant's motion on April 27, 1995, with a memorandum in opposition and his own affidavit. On May 12, 1995, the trial court granted defendant summary judgment. Plaintiff timely appealed to this court.

## II

### A

Plaintiff's first assignment of error is that the trial court incorrectly granted defendant summary judgment because there were genuine issues of material fact regarding whether defendant intentionally discriminated against him because of his age. In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law.

---

2. In his reply brief before this court, plaintiff has raised a claim that defendant breached an implied employment agreement. He did not, however, raise this claim in the trial court. Accordingly, this court will not address it.

*Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. The first step in determining whether there were any genuine issues of material fact is an examination of applicable substantive law:

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202, 211.

Plaintiff alleged in his complaint that defendant discharged him because of his age in violation of R.C. Chapter 4112 and R.C. 4101.17.[3] He has objected to the fact that defendant terminated him and assigned his duties to Timothy Thomas, who was younger and had less seniority, rather than permitting plaintiff to remain with the company and assume Thomas's duties.[4]

The version of R.C. 4101.17 that was in effect on the date plaintiff filed this action provided:

"(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee;

"(B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. * * * "

The version of R.C. 4112.02 in effect at the time of filing provided:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

The Ohio Supreme Court has adopted the framework of *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, for assigning the burdens of production in age discrimination actions brought pursu-

---

**3.** R.C. 4101.17 has been renumbered R.C. 4112.14 effective October 29, 1995.

**4.** Timothy Thomas had been employed by defendant or its predecessor since February 4, 1985.

ant to R.C. 4101.17. *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 147–148, 6 OBR 202, 202–204, 451 N.E.2d 807, 809–810. This analysis also applies to age discrimination actions based upon R.C. 4112.02. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 667, 591 N.E.2d 752, 754–755. First, the plaintiff must establish a prima facie case of age discrimination. Next, the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason for the action taken. Finally, the burden shifts back to the plaintiff to prove that the defendant's stated reasons for the action were a pretext for age discrimination. *Barker,* 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, syllabus.

■ To make out a prima facie case, the plaintiff must demonstrate that (1) he was a member of the statutorily protected class, (2) he was discharged, (3) he was qualified for the position, and (4) he was replaced by, or his discharge permitted the retention of, a person not belonging to the protected class.[5] *Id.* at syllabus. The Ohio Supreme Court has held that a plaintiff may establish a prima facie case of age discrimination without satisfying this four-part test only if the plaintiff introduces direct evidence of discrimination. *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439, syllabus.

In *Kohmescher v. Kroger, supra,* the plaintiff alleged that his employer forced him to take early retirement because of his age in violation of R.C. 4101.17. The trial court granted the employer summary judgment and the court of appeals affirmed because the plaintiff had not established that he was replaced by, or his discharge permitted the retention of, a person not belonging to the protected class. *Id.* at 504, 575 N.E.2d at 441–442. The Ohio Supreme Court reversed the trial court's grant of summary judgment to the employer on the ground that the plaintiff had established a prima facie case by introducing direct evidence of discrimination. *Id.* at 504–505, 575 N.E.2d at 442–443. The plaintiff in that case had presented a memorandum from his supervisor recommending that he be eliminated because he was "eligible for [the] retirement window." *Id.* at 501, 575 N.E.2d at 440. The Supreme Court determined that that memorandum was sufficient direct evidence of discrimination for the plaintiff to survive his employer's motion for summary judgment. *Id.* at 504, 575 N.E.2d at 442.

■ In this case, plaintiff had the burden of establishing a prima facie case of age discrimination by satisfying the four-part *Barker* test or by introducing direct evidence of discrimination. Accordingly, to avoid having summary judgment entered against him, he was required to introduce evidence, or point to evidence already in the record, that, if believed, would have been sufficient to

---

5. Pursuant to the version of R.C. 4101.17(B) that was in effect on the date plaintiff filed suit, an employee was within the protected class if he or she was forty or older.

support a judgment in his favor. See *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 249–250, 106 S.Ct. 2505, 2510–2511, 91 L.Ed.2d 202, 212.

Plaintiff has admitted that he did not establish a prima facie case by satisfying the four-part *Barker* test because Timothy Thomas, the employee who assumed plaintiff's duties after he was laid off, was also a member of the protected class. Plaintiff has argued, however, that he presented sufficient direct evidence of discrimination to create a genuine issue of material fact regarding whether defendant discharged him because of his age.

■ First, plaintiff has pointed to a memorandum from Cedric Anderson, defendant's director of material, to Noreen Foley, its staff personnel representative, that listed plaintiff's age and original date of service. Plaintiff has argued that this memorandum constituted direct evidence of discrimination because it revealed that Anderson "was catering to [a] corporate-wide quest for [age-related] data as a factor [to be] considered in firing decisions" or, in the alternative, that Anderson had an "age-biased state of mind." Foley, however, explained in her sworn affidavit that plaintiff's age and original date of service were included in the memorandum because the review process required notation that he was within a protected class:

"Since [plaintiff's layoff] was not a layoff based upon continuous service by classification [or seniority], [defendant's policies] required me to inform [Cedric] Anderson that he would be required to document and justify [plaintiff's] layoff. I discussed this with [Cedric] Anderson and also informed him that it would be necessary to identify both [plaintiff] and [Timothy] Thomas by race, sex and age as it is part of the review function to identify employees to be laid off who are within the protected employment categories."

Plaintiff has introduced no evidence that the notation of plaintiff's age and years of service was included for any reason other than that professed by Foley in her affidavit. In addition, apart from the mere listing of plaintiff's age and years of service, there is no indication on the face of the memorandum that plaintiff's age influenced defendant's decision to lay him off. Under these circumstances, the memorandum did not constitute direct evidence of discrimination. See *Wilson v. Firestone Tire & Rubber Co.* (C.A.6, 1991), 932 F.2d 510, 514.

■ Secondly, plaintiff asserted in his affidavit that his supervisors made comments to him to the effect that older workers should retire so that younger workers could keep their jobs:

"6. From July or August 1993, up to November 30, 1993, [Valerie] Bigler said to me on at least two occasions, in connection with rumored or planned personnel cutbacks or layoffs and particularly in relation to two of my peer[s] or co-equal supervisors, Ralph Vincent (aged 60's, 35–40 years service) and Bob Schrader

(aged 60's, about 40 years service), words to the effect that 'some of these older people who can retire should do so and save layoff of younger people.' Once during that period, Ms. Halstead, then filling in for Ms. Bigler, said almost the same thing to me.

" * * *

"8. In or about 1991–92, when he was my boss, Steve Duval, again in connection with an upcoming layoff, asked me to ask one of my hourly subordinates, Ray Goforth (aged 60's, 36 years service), to retire early to 'save somebody younger.' * * * "

Plaintiff has not alleged that any of defendant's employees ever made similar statements about him or encouraged him to retire early so that employees with less seniority could keep their jobs. Alleged statements made about other workers are not sufficient to constitute direct evidence of discrimination against plaintiff. See *Wilson*, 932 F.2d at 514.

 Finally, plaintiff has pointed to the fact that defendant's personnel forms, including performance evaluation forms, contain references to the employee's age. This, however, is not direct evidence of discrimination. The mere maintenance of business records that contain information about the employee's age, without evidence that this information was used improperly, does not create an inference of discrimination. *Id.*

Plaintiff did not make out a prima facie case of age discrimination by either satisfying the four-part *Barker* test or by introducing direct evidence of age discrimination. The trial court, therefore, correctly granted defendant summary judgment on the ground that there were no genuine issues of material fact and defendant was entitled to judgment as a matter of law. Plaintiff's first assignment of error is overruled.

## B

Plaintiff's second assignment of error is that parts of the affidavits of Noreen Foley and Cedric Anderson were not based on personal knowledge and, therefore, should not have been considered by the trial court. Plaintiff has objected to parts of the affidavits that addressed whether defendant had a legitimate, nondiscriminatory reason for laying plaintiff off. Inasmuch as plaintiff failed to establish a prima facie case of age discrimination, defendant never had the burden of articulating a legitimate, nondiscriminatory reason for plaintiff's layoff. Accordingly, any error arising from the trial court's consideration of those parts of the affidavits was harmless. Plaintiff's second assignment of error is overruled.

### III

Plaintiff's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.