[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Helen M. Stacy appeals the decision of the Mercer County Common Pleas Court granting summary judgment to defendant-appellee Jeffrey A. Macke, Inc., dba The Carousel Dinner Comedy Club.
On October 27, 1995 appellant and several friends arrived at appellee's establishment at approximately 9:00 P.M. Appellant and her friends went to the club to dance and socialize. Appellant and her friends were all experienced dancers, and regularly went out dancing at various establishments throughout southwest Ohio. Appellant herself had been a member of the "Dayton Two Stepper" club for approximately four years, and at meetings of the club she became proficient in both line dancing and partner dancing.
After arriving at the club, appellant and one of her friends went out onto the dance floor of appellee's establishment. The two performed what appellant described as a "buckle polisher," dancing arm in arm for approximately two to three minutes. During this time, appellant admits that she commented "on how beautiful the floor is and I said boy, it sure seems a little slippery." After the dance, appellant left the dance floor and sat at a table with friends for an unspecified period.
At some point, appellant decided to get up and walk out onto the floor by herself to participate in a line dance. As she executed the first step of her dance her foot slipped, causing appellant to fall and sustain serious injuries to her right leg. Appellant also sustained other injuries resulting from the treatment of her leg injury.
Appellant sued in the Mercer County Court of Common Pleas, alleging that the floor in appellee's establishment was unreasonably slippery, that appellee was negligent and/or reckless in maintaining the floor in a dangerous condition, and that appellee failed to warn his business patrons of the existence of the dangerous condition. On July 6, 1998, the trial court granted summary judgment to appellee.
With respect to the court's judgment, appellant asserts four assignments of error.
 The court erred in using the standards applied to shopkeepers to determine that defendant-appellant Macke was entitled to summary judgment, because what is reasonable care of a floor of a shop is not necessarily reasonable care for a dance hall.
 The court erred in stating that the statement in defendant-Macke's [sic] answers to interrogatories that the floor was not slippery was not in dispute when this was a material fact that went to the core of the case and was hotly disputed by Helen M. Stacy.
 The court erred in finding that Helen M. Stacy presented no other evidence that there was a hazardous condition, and no evidence from which reasonable minds could infer that Macke was negligent by any act or omission.
 The court erred in granting summary judgment to defendant because plaintiff presented a jury question as to whether defendant had a duty to warn of the danger of the slippery floor.
We review the grant of a motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is proper:
 when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.
 Horton v. Harwick Chemical. Corp. (1995), 73 Ohio St.3d 679,686-87.
Although all four of appellant's assigned errors assert that the trial court improperly granted summary judgment, her second and third assignments assert errors with the trial court's findings of fact, while her first and fourth assert that the trial court misapplied the law. We will begin by discussing appellant's first and fourth assignments of error.
Appellant's first assignment of error addresses the duty of care she was owed by appellee. Appellant argues that there is a special standard of care between the owners of dance halls and their business invitees.[1] Her fourth assignment of error alleges that she has presented a jury question as to whether such a duty existed in this case.
As an initial matter, we reject the contention that dance hall owners owe a substantially greater duty of care to their patrons than other business owners owe to invitees. Appellant has failed to cite any cases which offer support for this proposition, and we believe it is incorrect as a matter of law. See, e.g.
Annotation, Liability of Dancehall Proprietor or Operator for Injury to Patron Resulting from Conditions of Premises (1971) 38 A.L.R.3d 419, 423-26.
While the specific duties owed by owners to invitees do vary based on the particular relationship between the parties and facts of the situation, it is universally recognized that the general duty that is owed to invitees is that of ordinary care in maintaining the premises in a reasonably safe condition consistent with the use to which the premises are put. See, e.g. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203; Guerrero v.Latin-American Club (June 28, 1991), Defiance App. No. 4-91-4, unreported. Furthermore, the Ohio Supreme Court has held:
 An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.
 Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
While we are aware that Sidle was decided prior to the passage of R.C. 2315.19, which abolished implied assumption of the risk as an independent defense, we nevertheless believe that it controls this case because it determines the limits of appellee's duty. Sidle
clearly establishes that where a business invitee willingly encounters a known danger, it is beyond the scope of the business owner's duty to protect the invitee from that danger.
Here, appellant testified in her deposition that she noticed that the dance floor was slippery during her first dance, yet she chose to go out onto the dance floor for a second time, at which point she was injured. The fact that appellant had knowledge of the danger places this case directly within the rule of Sidle. Furthermore, it cannot be argued that appellant has presented a jury question as to whether appellee had a duty to warn her of the "hazardous condition" of the allegedly slippery floor, because the uncontroverted evidence establishes that she already knew of that condition and chose to dance on the floor anyway. Under Sidle, appellee had no duty as a matter of law. Accordingly, appellant's first and fourth assignments of error are overruled.
Appellant's second and third assignments of error asserts that the court erred in concluding, based solely on appellee's response to an interrogatory, that the floor was not slippery and that appellant had not presented of a hazardous condition. Appellant argues that based on her own sworn statements in her complaint and her deposition and upon the sworn affidavits of three other witnesses, she has presented substantial evidence that the floor was indeed slippery, that this alleged slipperiness is a hazardous condition, and that she is entitled to reach a jury on this "disputed issue of material fact."
While we agree with appellee that she has established a disputed issue of fact, in order to overcome a motion for summary judgment that issue of fact must be material:
 As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.
 Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248, quotedin Miller v. Loral Defense Systems, Akron (1996), 109 Ohio App.3d 379,383.
While appellant has established that whether the floor was slippery is a disputed issue of fact, she cannot establish that the issue of fact is material to the outcome of the lawsuit. We have already determined that appellee's duty did not extend to protect appellant from the asserted hazard of the allegedly slippery floor. Whether the floor was slippery thus has no effect on the outcome of the suit under the governing law, and the disputed issues of fact do not meet the requirements of materiality such that a trial on those issues is required. Appellant's second and third assignments of error are therefore overruled.
For the foregoing reasons, the judgment of the Common Pleas Court of Mercer County is AFFIRMED.
Judgment affirmed.
 HADLEY and BRYANT, JJ., concur.
[1] Appellee responds by arguing that because appellant was engaged in a "recreational activity" as described inMarchetti v. Kalish (1990), 53 Ohio St.3d 95, the doctrine of primary assumption of the risk applies and appellant can only be held liable if his behavior was reckless or intentional. See Spangler v. Kehres (1995), 107 Ohio App.3d 1. Because the evidence establishes that appellant willingly danced on a floor she already knew to be slippery, we decline to pass on the question of whether dancing is a "recreational activity" underMarchetti.