NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0701n.06

No. 07-4035

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

**Oct 28, 2009**

LEONARD GREEN, Clerk

NATIONAL UNION FIRE INSURANCE
CO. OF PITTSBURGH, PA,

 **Plaintiff-Appellant,**

v.

RICHARD O. WUERTH;
LANE ALTON & HORST,

 **Defendants-Appellees.**

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
SOUTHERN DISTRICT OF
OHIO

---

**BEFORE:**  **BATCHELDER, Chief Judge; MARTIN, Circuit Judge; JORDAN, District Judge.**[*]

 **LEON JORDAN, District Judge.** National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") appeals the district court's summary judgment dismissing its legal malpractice complaint against appellees Richard O. Wuerth and Lane Alton & Horst ("Lane Alton"). For the reasons that follow, we affirm.

 On February 21, 2003, National Union filed suit alleging malpractice and misrepresentation by Lane Alton, a law firm, and by Wuerth, a partner in the firm. The complaint sought to hold Lane Alton "vicariously liable for the wrongful acts, errors, and/or

---

[*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

omissions of Wuerth, as well as for its own wrongful acts, errors and/or omissions."

The factual and procedural background of this case is set forth in the district court's memorandum opinion and need not be repeated herein. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Wuerth*, 540 F. Supp. 2d 900, 902-04 (S.D. Ohio 2007). The district court granted summary judgment in favor of Wuerth, concluding that appellant's claims against him were barred by Ohio's one-year statute of limitations. *See id.* at 905-12. In granting summary judgment to Lane Alton, the district court reasoned: (1) Lane Alton could not be vicariously liable for Wuerth's alleged malpractice because the statute of limitations had run as to claims against Wuerth individually; (2) Lane Alton could not be vicariously liable for the alleged malpractice of any other agent because National Union did not sue any employee other than Wuerth; and (3) Lane Alton cannot be directly liable for malpractice because it is not an attorney. *See id.* at 912-14.

After oral argument, we certified the following question to the Supreme Court of Ohio pursuant to that Court's Rule of Practice XVIII: "Under Ohio law, can a legal malpractice claim be maintained directly against a law firm when all of the relevant principals and employees have either been dismissed from the lawsuit or were never sued in the first instance?" The Supreme Court of Ohio accepted the certified question and held,

> We answer the certified question in the negative and hold that a law firm does not engage in the practice of law and therefore cannot commit legal malpractice directly and that a law firm is not vicariously liable for legal malpractice unless one of its principals or associates is liable for legal malpractice.

2

*Nat'l Fire Ins. Co. of Pittsburgh v. Wuerth*, No. 2008-1334, 2009 WL 2341993, at *1 (Ohio July 29, 2009).

Provided that the district court was correct in its grant of summary judgment to Wuerth, the Ohio Supreme Court's ruling is dispositive of all issues pertaining to Lane Alton. Having heard oral argument and having carefully reviewed the record on appeal, the extensive briefing of the parties, and the applicable law, we find ourselves in complete agreement with the district court's well-reasoned opinion. The issuance of a detailed written ruling by this panel is unnecessary.

Accordingly, the district court's grant of summary judgment in favor of Wuerth is affirmed upon the reasoning employed by that court in its written opinion. Summary judgment in favor of Lane Alton is also affirmed for the reasons provided by the district court and the Supreme Court of Ohio.