ILLINOIS NATIONAL INSURANCE CO.

v.

WILES, BOYLE, BURKHOLDER & BRINGARDNER CO., L.P.A.

2010-Ohio-3231.]

Court of Common Pleas of Ohio,
Franklin County, General Division.

No. 06–CVA–05–6670.

Decided March 3, 2010.

Lawrence A. Sutter, James M. Popson, and Thomas H. Terry III, for plaintiff.
Neil F. Freund and Leonard J. Bazelak, for defendant.

REECE, Judge.

{¶ 1} This matter is before the court upon defendant Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.'s ("defendant" or "the Wiles firm") January 23, 2008 second motion for summary judgment; plaintiff Illinois National Insurance Company's ("plaintiff" or "Illinois National") February 6, 2008 memorandum contra defendant's second motion for summary judgment; defendant's February 19, 2008 reply memorandum in support of defendant's second motion for summary judgment; defendant's August 18, 2009 supplemental memorandum in support of defendant's motion for summary judgment and memorandum in response to plaintiff's motion to lift stay filed on August 11, 2009; plaintiff's September 8, 2009 reply to defendant's memorandum in response to plaintiff's motion to lift stay; defendant's October 15, 2009 supplemental memorandum in support of defendant's supplemental memorandum and memorandum in response to plaintiff's motion to lift stay filed on August 11, 2009; plaintiff's November 3, 2009 response to defendant's supplemental memorandum filed October 15, 2009; and defendant's November 10, 2009 submission of supplemental authority in support of its supplemental memorandum and memorandum in response to plaintiff's motion to lift stay filed on August 11, 2009.

{¶ 2} For the reasons that follow, the court grants defendant's January 23, 2008 second motion for summary judgment.

## BACKGROUND

{¶ 3} This legal-malpractice action arises out of the Wiles firm's representation of Illinois National in *Harvey v. Hwang*, Madison County Common Pleas Court Case No. 2001CV–01–017 ("the *Harvey* action"). The factual and procedural history of the *Harvey* action was summarized in great detail in the court's previous decision denying the Wiles firm's August 2, 2006 motion for summary judgment. The court incorporates the same as if fully rewritten herein. At a minimum, the court notes that the *Harvey* action ended, after a significant jury verdict in favor of Harvey and against Illinois National, with a $10 million settlement.

{¶ 4} Illinois National initiated this malpractice action against the Wiles firm on May 19, 2006, asserting claims of professional negligence/legal malpractice, breach of contract, and breach of fiduciary duty. Illinois National maintains that the $10 million loss would not have been incurred but for the Wiles firm's negligent and untimely filing of various motions during the *Harvey* action. It is undisputed that to date, Illinois National has not asserted any legal-malpractice claims against the individual attorneys who worked for the Wiles firm and represented Illinois National in the *Harvey* action.

{¶ 5} On August 2, 2006, the Wiles firm filed a motion for summary judgment, arguing that it was entitled to judgment in its favor as a matter of law with respect to Illinois National's malpractice-based claims because those claims were time-barred. Noting that this action was not filed until May 19, 2006, and that legal-malpractice actions are subject to the one-year statute of limitations in R.C. 2305.11(A), the Wiles firm argued that this action accrued more than one year prior to its commencement because Illinois National discovered the alleged malpractice more than one year before the action was filed. The court found that the action was indeed time-barred under the "discovery rule." Nonetheless, the court denied the motion on September 10, 2007, finding that an action accrues either when the alleged malpractice is discovered or when the attorney-client relationship ends, whichever takes place later, and that genuine issues of material fact remained with respect to when the attorney-client relationship between Illinois National and the Wiles firm ended. Thus, the court found that it could not determine as a matter of law that the malpractice action was time-barred.

{¶ 6} On January 23, 2008, the Wiles firm filed a second motion for summary judgment. Therein, it argues that it is entitled to judgment in its favor as a matter of law because (1) the Wiles firm does not practice law and therefore cannot be directly liable for legal malpractice and (2) any claims Illinois National may have against the individual attorneys who represented it during the *Harvey* action are now time-barred. In support of its argument that it does not practice law and therefore cannot be directly liable for malpractice, the Wiles firm relies upon *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth* (S.D.Ohio 2007), 540 F.Supp.2d 900. With respect to its argument pertaining to the individual attorneys who represented Illinois National, the Wiles firm notes that Illinois National itself has argued that the attorney-client relationship did not end until September 15, 2006, when the Wiles firm notified Illinois National's agent, Sam Carucci, that its attorneys were withdrawing from representation of Illinois National in the product-liability matter. Even if Illinois National were to contradict itself and argue that the attorney-client relationship ended at a date later than that, the Wiles firm argues that the absolute latest date when the relationship could have ended would have been January 3, 2007, when Victoria

4

Barto and Adam Martin of Sutter, O'Connell & Farchione substituted as counsel for Illinois National in the product-liability matter in place of the Wiles firm attorneys. Because Illinois National had not asserted any malpractice claims against the individual attorneys as of January 23, 2008, and because the attorney-client relationship between them and Illinois National would have ended by January 3, 2007, at the latest, the Wiles firm argues that any malpractice claims against the individual attorneys would be time-barred. Absent any malpractice liability on the part of the individual attorneys, the Wiles firm argues that it cannot be found vicariously liable for the alleged malpractice.

{¶ 7} Illinois National filed its memorandum contra defendant's second motion for summary judgment on February 6, 2008. Therein, it argues that the Wiles firm is a proper defendant under the respondeat superior liability doctrine and the firm is estopped from arguing that it does not practice law—and that it therefore cannot be directly liable for malpractice—in light of the admissions contained in its answer and other statements made before the court.

{¶ 8} During a status conference with the court on November 17, 2008, the parties acknowledged that *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 540 F.Supp.2d 900, one of the decisions relied upon by the Wiles firm in its motion, had been appealed to the U.S. Court of Appeals for the Sixth Circuit and that that court had certified a question to the Ohio Supreme Court in connection with that appeal. The Ohio Supreme Court accepted the certified question, which reads as follows: "Under Ohio law, can a legal malpractice claim be maintained directly against a law firm when all of the relevant principals and employees have either been dismissed from the lawsuit or were never sued in the first instance?" Finding that the answer to that question would affect the court's ruling on the motion seeking summary judgment, the court stayed this case pending the Ohio Supreme Court's ruling in *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*.

{¶ 9} The Ohio Supreme Court issued a decision in *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, on July 29, 2009. On August 11, 2009, Illinois National filed a motion to lift the stay, arguing that the Ohio Supreme Court's decision in *Wuerth* entitles it to move forward with its claim against the Wiles firm. Specifically, it argues that "the Ohio Supreme Court expressly held that vicarious liability remains a viable cause of action against a law firm for legal malpractice" and "there is no requirement that the individual employees of a law firm (or any other business entity) be named as individual defendants in the lawsuit."

{¶ 10} The court recently lifted the stay in this case so that it could consider the parties' arguments pertaining to *Wuerth*.

{¶ 11} The Wiles firm responded on August 18, 2009, with a supplemental memorandum in support of defendant's motion for summary judgment and memorandum in response to plaintiff's motion to lift stay. The Wiles firm argues that the analysis and holding in *Wuerth* actually entitle it to judgment in its favor as a matter of law because, regardless of the statute-of-limitations issue as it pertains to Illinois National's claims against it, it is undisputed that Illinois National has not asserted any claims against any of its attorneys and any such claims asserted at this time would be unquestionably time-barred. Because *Wuerth* supports its argument that it cannot be directly liable for malpractice and that it cannot be vicariously liable absent any liability on the part of any of its attorneys, the Wiles firm argues that the court should grant it summary judgment as a matter of law.

{¶ 12} The Wiles firm argues that Illinois National's reading of *Wuerth* is diametrically opposed to the Ohio Supreme Court's actual holding. It maintains that the Ohio Supreme Court specifically answered the question "whether a law firm can be vicariously liable for malpractice when none of its employees or principals have been named as defendants" in the negative. The Wiles firm maintains that Illinois National's argument that a law firm can be vicariously liable when any of its employees "could be held directly liable," but that no employees actually need be sued and therefore found to be liable, is an attempt to circumvent the holding in *Wuerth* by seizing upon that language and reading it in the absence of context, logic, or syntax.

{¶ 13} On September 8, 2009, Illinois National filed a reply to defendant's memorandum in response to plaintiff's motion to lift stay. Therein, it argues that the Ohio Supreme Court in *Wuerth* did not take the position that the doctrine of respondeat superior applies only when the agent has been named as a defendant in a case. It further argues that this case is factually distinguishable from *Wuerth* because the plaintiff there sued the principal and the agent and the court found that the statute of limitations had run as to the agent; "[w]ith the dismissal of Wuerth, the liable agent, the case against the principal also failed." However, Illinois National argues, "Here the vicarious liability of the firm has not been extinguished; the same attorneys (Close and Cook) who represented Illinois National and committed the malpractice, continued to represent Illinois National until September, 2006. The firm has never maintained that Close and Cook are not its principals or employees."

{¶ 14} On October 15, 2009, the Wiles firm filed a supplemental memorandum in support of defendant's supplemental memorandum and memorandum in response to plaintiff's motion to lift stay filed on August 11, 2009. It informs the court that National Union Fire Insurance Company of Pittsburgh, PA ("National Union") filed a motion for reconsideration in the *Wuerth* action, asking the Ohio

Supreme Court to reconsider and clarify its decision. In its motion, National Union argued that being named as a defendant and being liable are not one and the same, and it therefore asked the Ohio Supreme Court to modify the second paragraph of the syllabus in *Wuerth* to read as follows: "A law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice, but no principal or associate must be named as a defendant in order for the claim against the law firm to be viable." The Ohio Supreme Court denied the motion. The Wiles firm argues that the denial signals that the Ohio Supreme Court was "apparently unconvinced by National Union's arguments that a complaint need not name the attorneys in a law firm for a respondeat superior claim to be viable."

{¶ 15} The Wiles firm argues that because Illinois National has not named any Wiles attorney as a defendant at any time in this action and because the statute of limitations has run, any malpractice claims against any of its attorneys would now be time-barred. Furthermore, in light of *Wuerth*, the Wiles firm argues that "neither the attorneys nor the Wiles firm can be held liable as a matter of law because the attorneys have never been sued and the statute of limitations to do so has lapsed."

{¶ 16} On November 3, 2009, Illinois National filed a response to defendant's supplemental memorandum filed October 15, 2009. It argues that the Ohio Supreme Court's denial of National Union's motion seeking reconsideration is not dispositive of this case because the ruling, without an opinion, is a non sequitur. Illinois National argues that National Union's motion actually requested that the Ohio Supreme Court reconsider and change its decision with respect to the certified question and the fact that the Ohio Supreme Court declined to do so has no bearing on this case. Illinois National also again attempts to distinguish this case from *Wuerth*, noting that the representation by the attorney who allegedly committed the malpractice in *Wuerth* terminated within one year of the filing of that suit, whereas the court in this case has found that genuine issues of material fact exist with respect to when the representation ended.

{¶ 17} Finally, on November 10, 2009, the Wiles firm filed a submission of supplemental authority in support of its supplemental memorandum and memorandum in response to plaintiff's motion to lift stay filed on August 11, 2009. Therein, it informs the court that the United States Court of Appeals for the Sixth Circuit recently affirmed the district court's summary-judgment dismissal of National Union's malpractice complaint in *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth* (C.A.6, 2009), 349 Fed.Appx. 983, 2009 WL 3461578. In light of the Ohio Supreme Court's recent answer to the certified question, the Sixth Circuit Court of Appeals agreed with the district court's finding that "(1) Lane Alton could not be vicariously liable for Wuerth's alleged malpractice

because the statute of limitations had run as to claims against Wuerth individually; (2) Lane Alton could not be vicariously liable for the alleged malpractice of any other agent because National Union did not sue any employee other than Wuerth; and (3) Lane Alton cannot be directly liable for malpractice because it is not an attorney." *Natl. Union Fire Ins. Co.*, 349 Fed.Appx. at 983. The Wiles firm argues that this decision "lends further credence to [its] previously asserted position that a law firm cannot be vicariously liable for legal malpractice when none of its principals or associates have been named and determined to be liable for legal malpractice."

## LAW AND ANALYSIS

### I. SUMMARY JUDGMENT

{¶ 18} Civ.R. 56 provides that before summary judgment may be granted, a trial court must first determine (1) that there is no genuine issue as to any material fact that remains to be litigated, (2) that the moving party is entitled to judgment as a matter of law, and (3) that it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion, when viewing the evidence in a light most favorable to the party against whom the motion for summary judgment is made, is adverse to that same party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. While "[s]ummary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try," Ohio courts have warned that summary judgment "must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion." *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2–3, 24 O.O.3d 1, 433 N.E.2d 615, citing *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25, 28, 50 O.O.2d 47, 254 N.E.2d 683.

{¶ 19} Furthermore, when considering the merits of a motion for summary judgment, a trial court must pay particular attention to the shifting burdens between the moving and nonmoving parties. The moving party bears an initial burden of informing the court of the basis for its motion and of "identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If the moving party does not point to some evidence of the type listed in Civ.R. 56(C), which demonstrates that the nonmoving party has no evidence to support its claims, a motion for summary judgment must be denied. Id. However, once the moving party meets its initial burden, the burden then shifts to the nonmoving party to bring to the court's

attention facts showing a genuine issue for trial, and if this reciprocal burden is not met, summary judgment must be granted. Id.

{¶ 20} In determining whether there are genuine issues as to any material fact(s), a trial court must examine the applicable substantive law. *Miller v. Loral Defense Sys.* (1996), 109 Ohio App.3d 379, 383, 672 N.E.2d 227. "A 'material fact' depends on the substantive law of the claim being litigated." *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Miller* at 383, citing *Anderson* at 248.

## II. THE *WUERTH* DECISION

{¶ 21} The court finds that the Wiles firm's arguments pertaining to the holding in *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth,* 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, are well taken.

{¶ 22} The Ohio Supreme Court in *Wuerth* held that "[t]he United States Court of Appeals for the Sixth Circuit has certified one question of state law for our resolution: 'Under Ohio law, can a legal malpractice claim be maintained directly against a law firm *when all of the relevant principals and employees* have either been dismissed from the lawsuit or *were never sued in the first instance?'* We answer the certified question in the negative and hold that a law firm does not engage in the practice of law and therefore cannot commit legal malpractice directly and that a law firm is not vicariously liable for legal malpractice *unless* one of its principals or associates is liable for legal malpractice." (Emphasis added.) *Wuerth,* 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, at ¶ 1–2. The *Wuerth* court separated the certified question into two issues: (1) a law firm's direct liability for legal malpractice and (2) a law firm's vicarious liability for legal malpractice.

{¶ 23} With respect to direct liability, the Ohio Supreme Court referred to the medical profession and noted that "because only individuals practice medicine, only individuals can commit medical malpractice." *Wuerth* at ¶ 14. So, too, the high court found that only individuals may practice law in Ohio. Id. at ¶ 16. Because a law firm cannot engage in the practice of law, the *Wuerth* court found that a law firm cannot directly commit legal malpractice. Id. at ¶ 18.

{¶ 24} As it pertains to vicarious liability, the Ohio Supreme Court acknowledged that " '[t]he most common form of derivative or vicarious liability is

that imposed by the law of agency, through the doctrine of *respondeat superi-
or.'* " *Wuerth,* 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 20, quoting
*Albain v. Flower Hosp.* (1990), 50 Ohio St.3d 251, 255, 553 N.E.2d 1038. The
*Wuerth* court further noted that " '[f]or the wrong of a servant acting within the
scope of his authority, the plaintiff has a right of action against either the master
or the servant, or against both, in separate actions, as a judgment against one is
no bar to an action or judgment against the other until one judgment is
satisfied.' " *Wuerth* at ¶ 21, quoting *Losito v. Kruse* (1940), 136 Ohio St. 183, 187,
16 O.O. 185, 24 N.E.2d 705.

{¶ 25} Illinois National interprets this general language to mean that in the
context of malpractice liability asserted against a law firm, the plaintiff need not
sue the individual attorney who actually represented the plaintiff, in addition to
suing the law firm where the attorney works. However, such an interpretation
ignores the context in which the above statements were made and the Ohio
Supreme Court's express language pertaining to who can practice law and who
can therefore be liable for legal malpractice. Such an argument also ignores the
Ohio Supreme Court's analysis in the paragraphs that follow. Specifically, the
*Wuerth* court held that "[a]lthough a party injured by an agent may sue the
principal, the agent, or both, a principal is vicariously liable only when an agent
could be held directly liable." *Wuerth,* 122 Ohio St.3d 594, 2009-Ohio-3601, 913
N.E.2d 939, ¶ 22. It further noted that " '[i]*f there is no liability assigned to the
agent, it logically follows that there can be no liability imposed upon the
principal for the agent's actions.*' " (Emphasis sic.) Id. at ¶ 22, quoting *Comer
v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 20. In other
words, " 'the master's sole liability depends upon a finding of liability on the part
of the servant, so he cannot be held accountable where there is no such finding.' "
*Wuerth* at ¶ 22, quoting *Munson v. United States* (C.A.6, 1967), 380 F.2d 976, 979.
The *Wuerth* court further noted that the Restatement of the Law 3d, The Law
Governing Lawyers (2000) 439–440, Section 58, which provides that "a law firm
has no vicarious liability unless at least one principal or employee of the firm is
liable," also supports its finding that "a law firm may be vicariously liable for
legal malpractice *only when one or more of its principals or associates are liable
for legal malpractice.*" (Emphasis added.) *Wuerth* at ¶ 24, 26.

██ {¶ 26} In the case at bar, it is undisputed that to date, Illinois National
has not asserted any malpractice claims against any individual attorneys who
worked for the Wiles firm and represented Illinois National in the *Harvey* action.
Viewing the evidence presented in a light most favorable to Illinois National and
assuming, for purposes of this motion for summary judgment, that the attorney-
client relationship between Illinois National and the individual attorneys of the
Wiles firm ended on January 3, 2007, the court finds that any malpractice claims

against those individual attorneys would be time-barred unless asserted prior to January 3, 2008.[1] As no such claims have ever been asserted in this action, the court finds that none of those attorneys can be held liable for the alleged malpractice. Because the Wiles firm, in light of *Wuerth*, can be vicariously liable for the alleged malpractice of its attorneys "only when one or more of its principals or associates are liable for legal malpractice," the court finds that the Wiles firm cannot be vicariously liable for the alleged malpractice in this case. Because the Wiles firm, also in light of *Wuerth*, cannot practice law and therefore cannot be directly liable for legal malpractice, the court finds that the Wiles firm cannot be held liable for the alleged malpractice at all, neither directly nor vicariously. Therefore, the court finds that the Wiles firm is entitled to summary judgment in its favor as a matter of law.

{¶ 27} Illinois National maintains that the Ohio Supreme Court did not require that for a law firm to be vicariously liable for malpractice, the individual employees of the law firm must be named as individual defendants in the lawsuit. However, the Wiles firm notes that the Ohio Supreme Court declined National Union's request to reconsider its decision in *Wuerth*, and in doing so declined to add the requested language that "no principal or associate must be named as a defendant in order for the claim against the law firm to be viable." Without an opinion explaining the basis for the decision, the court will not read anything into the Ohio Supreme Court's decision not to reconsider its holding in *Wuerth*. The high court could have declined because it did not agree with the proposed additional language. However, one can equally argue that the high court declined because it did not believe such language was necessary. In any event, the court notes that at least one other court has interpreted the holding in *Wuerth* to be in line with this court's interpretation. The Sixth Circuit Court of Appeals recently affirmed the district court's summary-judgment dismissal of National Union's malpractice complaint in *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 349 Fed.Appx. 983, 2009 WL 3461578, based on the Ohio

---

1. R.C. 2305.11(A) provides that "[a]n action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued * * *." A cause of action for legal malpractice accrues "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney [the "discovery rule"] or when the attorney-client relationship for that particular transaction or undertaking terminates [the "termination rule"], whichever occurs later." (Emphasis added.) *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, at ¶ 4, citing *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, at syllabus, citing *Omni–Food & Fashion, Inc. v. Smith* (1988), 38 Ohio St.3d 385, 528 N.E.2d 941. The court has already determined that Illinois National's malpractice claims are time-barred under the "discovery rule."

Supreme Court's holding in *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth,* 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939. In doing so, it found that the law firm in that case could not be directly liable for the alleged malpractice of any of its attorneys, that the law firm could not be vicariously liable for the individual attorney's alleged malpractice because the malpractice claims against that attorney were time-barred, and that the law firm could not be vicariously liable for the alleged malpractice of any other of its attorneys because no other attorneys were sued. *Natl. Union Fire Ins. Co.,* 349 Fed.Appx. at 983, 2009 WL 3461578.

{¶ 28} In light of the foregoing, the court hereby grants defendant Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.'s January 23, 2008 second motion for summary judgment.

So ordered.