[Cite as *Clawson v. Hts. Chiropractic Physicians, L.L.C.*, 2020-Ohio-5351.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CYNTHIA CLAWSON | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28632 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-3685 |
| | : | |
| HEIGHTS CHIROPRACTIC | : | (Civil Appeal from |
| PHYSICIANS, LLC, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of November, 2020.

. . . . . . . . . . .

P.J. CONBOY, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
    Attorney for Plaintiff-Appellant

CHARLES J. DAVIS, Atty. Reg. No. 0031862, 205 West Fourth Street, Suite 1280, Cincinnati, Ohio 45202
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Cynthia Clawson appeals from the trial court's dismissal of her complaint against appellee Don Bisesi for failure of service of process and its subsequent entry of summary judgment in favor of appellee Heights Chiropractic Physicians, LLC.

{¶ 2} Clawson advances two assignments of error. First, she contends the trial court erred in sustaining Bisesi's motion to dismiss. Second, she claims the trial court erred in entering summary judgment in favor of Heights Chiropractic.

{¶ 3} The present appeal stems from a medical-negligence complaint Clawson filed against Bisesi, a chiropractor, and Heights Chiropractic, his employer. The record reflects that Clawson originally filed the complaint in April 2016. She voluntarily dismissed that complaint in September 2017. She then refiled the present lawsuit on August 10, 2018, which was within the one-year time limit provided by Ohio's saving statute, R.C. 2305.19(A). Her complaint alleged that she went to Heights Chiropractic and was treated by Bisesi, who was an employee of Heights Chiropractic. According to the complaint, Bisesi, a licensed chiropractor, negligently ruptured Clawson's breast implant while applying pressure to her back when she was face down on a table. She sought damages against Bisesi and Heights Chiropractic in excess of $25,000. In his November 19, 2018 answer, Bisesi raised several defenses, including a failure of service of process.

{¶ 4} On August 15, 2019, Bisesi moved to dismiss the complaint or, alternatively, for summary judgment on the grounds that Clawson had failed to perfect service of process within one year of refiling her complaint. Therefore, Bisesi argued that the action had not been "commenced" against him under Civ.R. 3(A) and that the time for doing so had expired. Alternatively, Bisesi sought summary judgment on the basis that the action

had not been commenced against him under Civ.R. 3(A) and the statute of limitation had expired. Accompanying Bisesi's motion was his affidavit and supporting documentation pertaining to service of process. Bisesi averred that Clawson had attempted service at 661 Coconut Grove Avenue, West Melbourne, Florida, as evidenced by a Federal Express signature card signed by a "B. Kanapill." He further averred that he had not resided at that address since June 2018, that the signature on the card was not his, that he did not know the person who signed the card, and that he did not authorize "B. Kanapill" or anyone else to sign for him. He further averred that the person who signed the card did not contact him or forward the summons and complaint to him.

{¶ 5} In response to Bisesi's motion to dismiss and affidavit, the trial court established a briefing schedule for Clawson to respond. The trial court stated that the motion would be deemed submitted for decision on September 23, 2019 and that "no oral hearing [would] be conducted unless requested by any party * * *." (August 16, 2019 Entry.) Clawson subsequently filed a memorandum arguing that a presumption of proper service arose because she served someone at Bisesi's last known address. With respect to a hearing, she simply asked the trial court to hold a hearing "if the Court deems [it] necessary to determine if the presumption can be overcome." (September 16, 2019 Memorandum Contra at 4.) Accompanying Clawson's filing was an affidavit from Cara Caldwell, who was her attorney's administrative assistant. In relevant part, Caldwell averred that an internet search had established 661 Coconut Grove Avenue in West Melbourne, Florida as Bisesi's last known residential address.

{¶ 6} The trial court sustained Bisesi's motion to dismiss on September 26, 2019, reasoning:

Here, although an "individual" signed the service return receipt, the Court finds that there is sufficient evidence to establish that the address where service occurred was not Defendant's correct address and, therefore, Defendant did not receive proper notice of this action. Specifically, Defendant has provided testimony that he has not resided at that address since June of 2018. *See* Ex. D to Defendant's Motion to Dismiss. Moreover, pursuant to Defendant's sworn affidavit, he does not know B. Kanapill, nor did B. Kanapill, or anyone else, contacted [sic] him regarding the Complaint or forwarded [sic] the Complaint to him. This determination is further supported by the docket in this case, as well as Plaintiff's own admission, that the initial attempt to serve Defendant at the address at issue was unsuccessful. *See* Docket. At the very least, this should have put Plaintiff on notice that Defendant might not live there anymore, or that an alternative method of service might be necessary. Accordingly, the Court finds that Plaintiff did not properly serve Defendant with notice of this action.

{¶ 7} Following the trial court's dismissal of Bisesi, Height's Chiropractic moved for summary judgment. In its October 11, 2019 motion, Heights Chiropractic argued that its alleged liability was vicarious based on its status as Bisesi's employer. That being so, Heights Chiropractic asserted that the entry of judgment against Clawson on her claims against Bisesi necessarily extinguished any liability on the part of Heights Chiropractic.

{¶ 8} In a November 12, 2019 ruling, the trial court agreed with Heights Chiropractic. It reasoned that Heights Chiropractic's "liability is contingent upon the

alleged liability of Dr. Bisesi, and the law in Ohio is clear that, because the primary claims against Dr. Bisesi were extinguished, so too is the secondary claim against [Heights Chiropractic]." (November 12, 2019 Decision, Order, and Entry at 4.) As a result, the trial court found Heights Chiropractic entitled to summary judgment.

{¶ 9} In her first assignment of error, Clawson challenges the trial court's dismissal of her complaint insofar as it pertained to Bisesi. She acknowledges that someone other than Bisesi signed for a copy of the summons and complaint at the Coconut Grove address in Florida. (Appellant's Brief at 4.) She argues, however, that a rebuttable presumption of proper service arose because she served a person at Bisesi's last known address. (*Id.* at 4-6.) Clawson asserts that Bisesi's affidavit denying having any present connection with the Coconut Grove address or knowing a person named "B. Kanapill" was insufficient to overcome the presumption. She also asserts that the trial court was required to hold a hearing before it could rely on Bisesi's affidavit to find a lack of service of process.

{¶ 10} We apply abuse-of-discretion review to a trial court's dismissal for insufficient service of process.[1] *Lewis v. Buxton*, 2d Dist. Greene No. 2006-CA-122, 2007-Ohio-5986, ¶ 5, quoting *Spiegel v. Westafer*, 3d Dist. Union No. 14-05-18, 2005-Ohio-6033, ¶ 12; *see also Cellan v. Lancione*, 10th Dist. Franklin No. 16AP-677, 2017-Ohio-1460, ¶ 6; *Eisel v. Austin*, 9th Dist. Lorain No. 09CA009653, 2010-Ohio-3458, ¶ 18;

---

[1] Clawson cites *Pugh v. Sloan*, 11th Dist. Ashtabula No. 2019-A-0031, 2019-Ohio-3615, for the proposition that a ruling on a motion to dismiss is subject to de novo review. But *Pugh* involved a motion to dismiss for failure to state a claim, not a motion to dismiss for insufficient service of process. "The determination of whether service of process was sufficient in any particular case rests on the factual evaluation by the court and is within the sound discretion of the court." *C&W Invest. Co. v. Midwest Vending, Inc.*, 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688, ¶ 13.

*Matteo v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, ¶ 9; *Tuckosh v. Cummings*, 7th Dist. Harrison No. 07HA9, 2008-Ohio-5819, ¶ 18. Having reviewed Bisesi's motion and affidavit as well as Clawson's response and competing affidavit, we see no abuse of discretion in the trial court's dismissal of Bisesi without holding an evidentiary hearing.

{¶ 11} Pursuant to Civ.R. 4.1(A)(1)(b) and Civ.R. 4.3(B), Clawson was permitted to perfect service in Florida through a commercial carrier with a signed receipt. "In those instances where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non-service." *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005-CA-97, 2006-Ohio-5380, ¶ 11. The presumption only arises, however, if service is attempted at "an address where there is a reasonable expectation that it will be delivered to the defendant." *In re S.A.*, 2d Dist. Montgomery No. 25532, 2013-Ohio-3047, ¶ 13, citing *Portfolio Recovery Assocs., L.L.C. v. Thacker*, 2d Dist. Clark No. 2008-CA-119, 2009-Ohio-4406.

{¶ 12} Here it is questionable whether Clawson's attempt to serve her refiled complaint on Bisesi at 661 Coconut Grove Avenue reasonably could have been expected to reach him. This is so because a prior attempt to serve him at the same address via Federal Express had been returned with the notation "Fedex Unsuccessful Service Customer Not Available or Business Closed." (Failure of Service Notification, Aug. 22, 2018.) We are unconvinced that trying the same method of service at the same location reasonably could be expected to produce a different result.

{¶ 13} But even if Clawson's subsequent successful service on "B. Kanapill" at 661

Coconut Grove Avenue did create a rebuttable presumption of service on Bisesi, the trial court correctly found the presumption rebutted based on the affidavit Bisesi filed with his motion to dismiss. As set forth above, Bisesi averred that that he had not resided at the Coconut Grove address since June 2018, that the signature on the card was not his, that he did not know the person who signed the card, that he did not authorize "B. Kanapill" or anyone else to sign for him, and that the person who signed the card did not contact him or forward the summons and complaint to him. These averments by Bisesi were sufficient to rebut any presumption of proper service. *Capital One Bank v. Smith*, 2020-Ohio-1614, 154 N.E.3d 240, ¶ 17 (8th Dist.) (recognizing that the presumption is rebutted where a defendant swears under oath that he did not reside that the address where service was made).

{¶ 14} The only remaining question is whether the trial court was required to hold an evidentiary hearing to determine whether Bisesi had been served. We conclude that no evidentiary hearing was required for at least two reasons. First, Clawson's written response to Bisesi's motion and affidavit did not specifically request an oral hearing. She suggested only that the trial court hold a hearing if the court deemed one necessary. Second, and more importantly, a hearing was not necessary on the record before us. Although Clawson maintains that service was made at Bisesi's last known address, she does not appear to dispute that Bisesi in fact no longer lived there. The affidavit Clawson filed in the trial court made no assertion that Bisesi actually still resided at the Coconut Grove address at the time of service. Therefore, the record contains uncontroverted evidence in the form of Bisesi's affidavit that service was made at the wrong address. "[T]he fact that the service of process has been sent to an incorrect address is strong

corroboration of [a] defendant's otherwise unsupported and obviously self-serving testimony that he did not receive service of process." *Sec. Natl. Bank & Tr. Co. v. Murphy*, 2d Dist. Clark No. 2552, 1989 WL 80954, *2 (July 20, 1989).

{¶ 15} This court has found a hearing required "when process was sent to a defendant at the defendant's correct address and the defendant has only his self-serving testimony that he did not receive service of process[.]" *Discover Bank v. Wells*, 2d Dist. Clark No. 2018-CA-44, 2018-Ohio-4637, ¶ 13; *see also Portfolio Recovery Assocs.* at ¶ 31. Here, however, Bisesi presented uncontroverted evidence that process was sent to the *wrong* address, a fact that Clawson does not appear to dispute on appeal. Under these circumstances, we see no abuse of discretion in the trial court's relying on Bisesi's affidavit to find insufficient service of process and to sustain his motion to dismiss. Accordingly, the first assignment of error is overruled.

{¶ 16} In her second assignment of error, Clawson contends the trial court erred in entering summary judgment in favor of Heights Chiropractic.

{¶ 17} We begin with the pleadings. The complaint alleges that at relevant times Heights Chiropractic Physicians, LLC was the employer of Don Bisesi, D.C. (Complaint, ¶ 3.) Heights Chiropractic's answer admits "Donald Bisesi, was its employee at all times material." (Answer, ¶ 3.) For our purposes, the employer-employee relationship between Heights Chiropractic and Bisesi is undisputed.

{¶ 18} Because the claim against Bisesi personally was dismissed for lack of service, which we affirm, Bisesi is no longer a party to the litigation. Ordinarily, "[f]or the wrong of a servant acting within the scope of his authority, the plaintiff has a right of action against either the master or the servant, or against both, in separate actions, as a

judgment against one is no bar to an action or judgment against the other until one judgment is satisfied." *Losito v. Kruse*, 136 Ohio St. 183, 187, 24 N.E.2d 705 (1940). In the trial court, Heights Chiropractic argued, and the trial court determined, that the case of *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, held that "[i]If there is no liability assigned to the agent, it logically flows that there can be no liability imposed upon the principal for the agent's actions." *Id.* at ¶ 20. Therefore, upon the dismissal of Bisesi, the trial court reasoned, Clawson's claim against Heights Chiropractic had to be dismissed.

{¶ 19} To the contrary, Clawson argues that the physician in *Comer* was an independent contractor and liability of the principal in that case, Knox Community Hospital, was based on a theory of agency-by-estoppel rather than a traditional master-servant relationship. As such, Clawson contends *Comer* does not apply here. In support, she cites *Taylor v. Belmont Community Hosp.*, 7th Dist. Belmont No. 09 BE 30, 2010-Ohio-3986, in which the Seventh District held that a plaintiff could sue a hospital based on traditional respondeat superior liability for claims of medical negligence even though no suit had been filed against the allegedly negligent employees, a physician and two nurses. We agree with Clawson.

{¶ 20} The Supreme Court stated in *Comer* that "[t]he narrow issue before us is whether * * * a viable claim exists against a hospital under a theory of agency by estoppel for the negligence of an independent-contractor physician when the physician cannot be made a party because the statute of limitations has expired." *Comer* at ¶ 1. Because the case before us, like the case before the court in *Taylor v. Belmont Community Hospital*, involves traditional employer-employee relationships rather than agency-by-estoppel

liability, we conclude that *Comer* does not apply. Although Heights Chiropractic argues that *Comer's* holding should apply, it does not even mention or try to distinguish *Taylor*.

{¶ 21} Others have argued that the Ohio Supreme Court case of *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, which applied *Comer's* holding to legal malpractice, extended *Comer* to require dismissal of the case against the principal when the agent is not a party. We disagree. Significantly, the relationship in *Wuerth* was that of partner and law firm, not a traditional employer-employee relationship. *See, e.g., Tisdale v. Toledo Hosp.*, 197 Ohio App.3d 316, 2012-Ohio-1110, 967 N.E.2d 280, ¶ 29 (6th Dist.) ("The nature of Wuerth's relation to his firm suffices to place this type of agency in a third classification—one that is distinguishable from both respondeat superior and agency by estoppel. Wuerth was a senior partner and part-owner of Lane Alton [the firm]. While attorneys are generally independent contractors in relation to their clients, Wuerth himself, in relation to Lane Alton, was neither an independent contractor nor an employee."). Thus, we believe *Wuerth* too is inapplicable.

{¶ 22} Finally, we note the holding, which neither party cites, in *Rush v. Univ. of Cincinnati Physicians, Inc.*, 1st Dist. Hamilton No. C–150309, 2016-Ohio-947. There the First District held that an employer, "UC Physicians," could not be held liable for the negligence of one of its physician-employees who was not named in the litigation. In support of its decision, the appellate court cited *Wuerth* without addressing the fact that the relationship in *Wuerth* was not that of employer-employee. To the extent that *Rush* could be contrary to our decision, we disagree with its application of *Wuerth*.

{¶ 23} We sustain the second assignment of error and hold that a plaintiff may

pursue the undisputed employer of a defendant chiropractor when the individual employee has been dismissed from the case for lack of service of the complaint on the employee within one year.

{¶ 24} The trial court's judgment is affirmed with respect to its dismissal of Bisesi individually and reversed with respect to its entry of summary judgment in favor of Heights Chiropractic. The case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

P.J. Conboy
Charles J. Davis
Hon. Dennis J. Adkins