[Cite as *EBC Asset Invest., Inc. v. Brown*, 2023-Ohio-2080.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| EBC ASSET INVESTMENT INC. | : | |
| | : | |
| Appellees | : | Appeal No. 29671 |
| | : | |
| v. | : | Trial Court Case No. 2013 CV 03654 |
| | : | |
| JAMES W. BROWN, et al. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 23, 2023

. . . . . . . . . . .

WILLIAM L. BAKER and ANNA S. FISTER, Attorneys for Appellant, Cynthia L. Drake

CAREY K. STEFFAN, Attorney for Appellee, CIRAS LLC

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Cynthia L. Drake appeals from the trial court's judgment entry overruling her motion to vacate a decade-old default judgment for failure of service of process. Drake contends the complaint and summons were sent to a non-existent address, resulting in her never being served, thereby making the 2013 judgment void. She argues that the trial court erred in overruling her motion where service to the wrong address was not

reasonably calculated to apprise her of the pendency of the action, she provided an affidavit denying receipt of service, and the plaintiff admitted attempting service at a non-existent address. Drake also asserts that the trial court erred in overruling her motion based on her actual knowledge of the lawsuit.

{¶ 2} Upon review, we conclude that the trial court did not err in holding an evidentiary hearing and finding that the postal service corrected the erroneous address and that the plaintiff obtained ordinary-mail service on Drake at her actual residence. We also conclude that the trial court did not overrule her motion based on her actual knowledge of the lawsuit. The trial court overruled her motion based on a finding that the plaintiff obtained residential service notwithstanding an error on a mailing envelope. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} EBC Asset Investment, Inc. (EBC) was the holder of a promissory note signed by defendant-appellant Drake as a guarantor. EBC filed a June 2013 complaint for judgment on the promissory note and the guarantee. EBC attempted to serve Drake by certified mail at 825 South Columbus Street in Xenia, Ohio. Drake actually resided at 852 South Columbus Street, and "825" is a non-existent address. EBC's attempted certified-mail service was retuned marked "unclaimed." When returned, however, the number "852" had been written on the certified-mail envelope and the number "825" had been marked through. EBC subsequently attempted ordinary-mail service on Drake, again at the non-existent 825 South Columbus Street address. This mailing was never returned as "undeliverable" or otherwise.

{¶ 4} In September 2013, EBC moved for a default judgment based on Drake's failure to answer. The trial court sustained the motion and entered a default judgment. In October 2013, Drake moved for Civ.R. 60(B) relief from the default judgment, citing inadvertence and excusable neglect. The motion did not mention a lack of service. Following a hearing, the trial court denied Civ.R. 60(B) relief. Drake then commenced a Chapter 13 bankruptcy proceeding and referenced EBC's lawsuit and the judgment against her.

{¶ 5} In August 2018, EBC assigned its interest in the judgment to appellee Ciras, LLC. Thereafter, nearly nine years after entry of the default judgment, Drake filed a September 28, 2022 motion seeking to vacate it based on a lack of service of process. She argued that attempted ordinary-mail service at a non-existent address was ineffective. Drake asserted that the error had deprived her of an opportunity to respond to EBC's complaint in violation of her due-process rights. Accompanying the motion were a number of exhibits, including an affidavit in which Drake denied receiving service of any documents in the case and professed her unawareness of being sued prior to the default judgment.

{¶ 6} The trial court held a November 23, 2022 hearing on Drake's motion. The only witness at the hearing was Drake. She testified and identified the various exhibits accompanying her motion. She explained that 825 South Columbus Street did not exist and that she had resided at 852 South Columbus Street at all relevant times. Drake denied receiving service of process by ordinary mail and claimed not to have known about EBC's lawsuit until after entry of the default judgment.

**{¶ 7}** Following the hearing, the trial court filed a decision and entry overruling Drake's motion. Based on the testimony and exhibits presented, the trial court reasoned as follows:

The court concludes from the circumstances that Cynthia L. Drake was served with a summons and a copy of the complaint in July of 2013. The regular mail, with the summons and complaint, was not returned undeliverable. The regular mail was received by Cynthia L. Drake. On or about July 29, 2013 Cynthia L. Drake received a summons and complaint by regular mail. The postal employees corrected the address at that time so it was delivered to the correct address, 852 South Columbus Street, Xenia, Ohio.

Defendant Cynthia L. Drake's receipt of the notice is verified by her having an attorney file a Motion for 60(B) Relief in October of 2013. It was further verified by her appearing for the motion hearing in November of 2013 and by Defendant filing a Petition for Relief under Chapter 13 of the Bankruptcy Code. The same attorney represented Defendant Drake in the State trial court proceedings and in the Bankruptcy Court. Since Defendant Drake was served with a summons and complaint in this matter, the court had jurisdiction at the time the judgment was entered and continues to have jurisdiction. The Default Judgment is not void ab initio.

Defendant Cynthia L. Drake's Motion to Vacate Judgment for Failure of Service is not well taken and it is hereby OVERRULED.

November 30, 2022 Decision and Entry at 2-3.

## II. Analysis

{¶ 8} Drake advances three assignments of error. The first two assignments of error state:

A. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED MRS. DRAKE'S MOTION TO VACATE THE DEFAULT JUDGMENT AGAINST HER BECAUSE SERVICE WAS NOT REASONABLY CALCULATED, UNDER ALL THE CIRCUMSTANCES, TO APPRISE MRS. DRAKE OF THE PENDENCY OF THE ACTION AND AFFORD HER AN OPPORTUNITY TO PRESENT HER OBJECTIONS WHEN PLAINTIFF TRANSPOSED THE NUMBERS OF HER ADDRESS AND ONLY EVER SERVED THE WRONG ADDRESS WITH WHICH MRS. DRAKE HAD NO ASSOCIATION WHATSOEVER, WHERE THERE WAS NO ONE WITH ANY DUTY TO FORWARD SERVICE OF PROCESS TO MRS. DRAKE AND, INDEED, MRS. DRAKE NEVER RECEIVED SERVICE OF PROCESS.

B. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED MRS. DRAKE'S MOTION TO VACATE THE DEFAULT JUDGMENT AGAINST HER BECAUSE MRS. DRAKE'S REBUTTAL OF THE PRESUMPTION OF SERVICE WAS NOT ONLY UNCONTROVERTED BUT STRONGLY CORROBORATED BY RESPONDENT'S ADMISSION THAT PLAINTIFF WAS AT FAULT FOR ONLY EVER ATTEMPTING SERVICE UPON MRS. DRAKE AT THE

WRONG AND NON-EXISTENT ADDRESS.

{¶ 9} In her first two assignments of error, Drake argues that no rebuttable presumption of service arose where EBC attempted certified-mail and ordinary-mail service at a non-existent address. Alternatively, she maintains that even if a presumption of valid service did arise, she successfully rebutted it with an uncontroverted affidavit that she never received service. Drake contends her affidavit was corroborated by EBC's admission that it attempted service at a non-existent address. According to Drake, this admission is "virtually conclusive" that she never was served. Finally, she asserts that appellee Ciras itself "offered no proof of successful service." Under these circumstances, she reasons that the trial court's judgment must be reversed and the default judgment vacated.

{¶ 10} Upon review, we find Drake's first two assignments of error to be unpersuasive. In the usual case, "when service of process is sent by ordinary mail after service by certified mail has been returned 'unclaimed,' and it is not returned in the mail, a rebuttable presumption arises that the defendant has been served with process." *Sec. Natl. Bank & Tr. Co. v. Murphy*, 2d Dist. Clark No. 2552, 1989 WL 80954, at *1 (July 20, 1989). "The '[u]nclaimed' designation implies that the person may in fact reside or receive mail at the designated address but for whatever reason has chosen not to sign for the certified mail. In that situation, a follow-up communication by ordinary mail is reasonably calculated to provide the interested party with notice and an opportunity to be heard. Such a communication, not returned, bears a strong inference that the intended recipient received the letter." *In re Thompkins*, 115 Ohio St. 3d 409, 2007-Ohio-5238, 875 N.E.2d

582, ¶ 23. Under the foregoing scenario, a defendant would be obligated to respond by filing an affidavit denying receipt of service of process. The trial court then typically would hold a hearing to assess the defendant's credibility and evaluate the evidence to determine whether service was perfected. *See*, *e.g.*, *Wright-Patt Credit Union, Inc. v. Danes*, 2d Dist. Montgomery No. 26433, 2015-Ohio-2184, ¶ 13.

**{¶ 11}** Drake suggests that this burden-shifting approach need not apply when certified-mail and ordinary-mail service are sent to the wrong address or, worse yet, to a non-existent address. She maintains that service to a non-existent address fails to establish a presumption of valid service. In any event, she further argues that her affidavit rebutted any presumption of service and that Ciras offered no evidence of successful service to challenge her affidavit.

**{¶ 12}** In *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 941, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 14, the Ohio Supreme Court recognized that proof of a plaintiff's "use of the wrong address" will "defeat" the presumption of valid service. We need not dwell on that issue, however, because Drake filed an affidavit denying receipt of service, and the trial court held an evidentiary hearing on the issue. Regardless of whether a presumption of service never arose or whether it arose and Drake negated it, the ultimate issue was whether EBC in fact obtained valid service of process on Drake. If it did, then the challenged default judgment is not void.

**{¶ 13}** "The determination of whether service of process was sufficient in any particular case rests on the factual evaluation by the court and is within the sound discretion of the court." *C & W Invest. Co. v. Midwest Vending, Inc.*, 10th Dist. Franklin

No. 03AP-40, 2003-Ohio-4688, ¶ 13. Given that the trial court took evidence and explicitly ruled on the validity of service, it matters little at this point whether a presumption of service never existed or, instead, whether Drake's affidavit rebutted it.[1]

{¶ 14} While Drake insists that she never received service of process and that Ciras provided no evidence of successful service, she largely ignores the trial court's contrary finding that, despite an incorrect address on the mailing envelope, the postal service in fact delivered the summons and complaint to her correct address. In our view, the key issue is whether the record supports this finding. We conclude that it does.

{¶ 15} At the evidentiary hearing, Drake testified that she has resided at 852 South Columbus Street since the 1990s. Although EBC attempted certified-mail service at 825 South Columbus Street, which did not exist, Drake acknowledged in her motion to vacate that the postal service had returned that service as "unclaimed" while correcting the address. We find it significant that the summons and complaint were returned with the house number "825" stricken through, with "852" written in its place, and with a notation of "unclaimed" rather than "insufficient address," "no such number/street," or "not deliverable as addressed," which were other available options. Once again, an "unclaimed" designation suggests that the intended recipient in fact may reside at the designated address, and it supports attempted service by ordinary mail, which if

---

[1] Regardless of whether a presumption of service never arose or whether Drake's affidavit rebutted it, under either scenario Ciras bore the burden of establishing that Drake resided at the address to which service was delivered. *Monogram Credit Card Bank of Georgia v. Yoakum*, 2d Dist. Montgomery No. 29533, 2023-Ohio-546, ¶ 8-9; *see also Horsley v. Essman*, 145 Ohio App.3d 438, 444, 763 N.E.2d 245 (4th Dist.2001) ("We have previously characterized the effect of rebutting the presumption as 'bursting the bubble,' with the case then proceeding as if the presumption had never arisen.").

unreturned in turn supports "a strong inference that the intended recipient received the letter." *Thompkins,* 115 Ohio St. 3d 409, 2007-Ohio-5238, 875 N.E.2d 582, at ¶ 23.

**{¶ 16}** Here the trial court reasonably inferred that the postal service had corrected the transposed numbers on the ordinary-mail service attempted by EBC, just as the postal service appears to have done with the attempted certified-mail service. Given Drake's lengthy period of residence at 852 South Columbus Street, it was not unreasonable to believe her mail carrier likely knew where she lived, particularly in light of 825 South Columbus Street being non-existent. Finally, the fact that the ordinary-mail service was not returned further supported the trial court's finding that EBC had served Drake successfully despite transposing two numbers on the mailing envelope. For the foregoing reasons, the evidence supports the trial court's determination that valid service of process was obtained.

**{¶ 17}** In opposition to our conclusion, Drake relies largely on *Knickerbocker Properties, Inc. v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, *Clawson v. Hts. Chiropractic Physicians*, *LLC*, 2d Dist. Montgomery No. 28632, 2020-Ohio-5351, *reversed on other grounds*, Ohio Slip Opinion No. 2022-Ohio-4154, __ N.E.3d __, and *Bank One Cincinnati, N.A. v. Wells*, 1st Dist. Hamilton No. C-950279, 1996 WL 526702 (Sept. 18, 1996).

**{¶ 18}** In *Knickerbocker*, the Ohio Supreme Court held that serving process at the wrong address did not comport with constitutional due process, as it was not reasonably calculated to provide notice of the proceeding. *Knickerbocker* is distinguishable in light of the trial court's determination that Drake was served at her correct address despite the

error on the mailing envelope. In *Clawson*, this court held that any presumption of valid service arising based on service at a prior address was rebutted by the defendant's affidavit swearing that he did not live at the address and did not receive service. *Clawson* too is distinguishable from the present case. The central issue before us is whether the record supports the trial court's ultimate determination that EBC obtained residential service on Drake, not whether Drake rebutted a presumption of valid service. Finally, in *Bank One* the plaintiff directed service to an address where the defendant did not reside, and the defendant never received service of process. *Bank One* is distinguishable given the trial court's finding below that EBC perfected service on Drake at her residence despite its mailing error. In short, the case law Drake cites fails to persuade us that service of process was invalid or that the challenged default judgment was void. Accordingly, the first two assignments of error are overruled.

{¶ 19} Drake's third assignment of error states:

C. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED MRS. DRAKE'S MOTION TO VACATE THE DEFAULT JUDGMENT AGAINST HER WHEN IT CONCLUDED MRS. DRAKE HAD ACTUAL NOTICE BECAUSE, POST DEFAULT JUDGMENT, AN ATTORNEY FILED A MOTION FOR 60(B) RELIEF AND MRS. DRAKE FILED FOR BANKRUPTCY.

{¶ 20} In her third assignment of error, Drake contends post-judgment actions of a defendant who was not properly served cannot be used to establish "actual knowledge" of the lawsuit and thereby excuse a failure of service of process. Specifically, she claims

the trial court erred in citing her post-judgment Civ.R. 60(B) motion and Chapter 13 bankruptcy filing as "verification" of "her receipt of the notice."

**{¶ 21}** We find this assignment of error to be unpersuasive. As an initial matter, Drake's premise is wrong. The trial court did not cite her post-judgment actions to establish her actual knowledge of the lawsuit to overcome a lack of service. As explained above, the trial court explicitly found that valid service of process was obtained at Drake's residence despite an erroneous address on a mailing envelope. The trial court appears to have mentioned the Civ.R. 60(B) motion and the bankruptcy action—both of which were filed shortly after the default judgment—as additional corroborating evidence that Drake in fact had received service of the summons and complaint.

**{¶ 22}** In the challenged portion of its ruling, the trial court did not even mention Drake's "actual knowledge" of EBC's lawsuit. Instead, it reasoned that her "receipt of *the notice*" was "verified" by the Civ.R. 60(B) motion and the bankruptcy filing. (Emphasis added.) The trial court appears to have been saying that Drake's receipt of the summons and complaint was further corroborated by her post-judgment actions, which included seeking Civ.R. 60(B) relief apparently based on grounds other than a lack of service of process and by referencing EBC's judgment in the bankruptcy action. In any event, the trial court plainly did not purport to excuse a lack of valid service of process on the basis that Drake had actual knowledge of EBC's lawsuit. Accordingly, the third assignment of error is overruled.

### III. Conclusion

**{¶ 23}** Having overruled Drake's assignments of error, we affirm the judgment of

the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, P.J. and HUFFMAN, J., concur.